[No. 3,079.]

JAMES MILLER v. STEPHEN G. LITTLE, CHARLES ANDERSON, AND ISAAC HOBBS, SHERIFF OF SOLÁNO COUNTY.

HOMESTEAD UNDER THE LAWS OF THE U. S.—A tract of land claimed as a homestead under the laws of the United States, and patented to the claimant, is exempt from execution sale for a debt contracted by the patentee before the patent was issued, even if the patentee sells the land before the debt is put into a judgment.

ENJOINING SALE OF HOMESTEAD.—An injunction will be granted restraining the sale on execution of a homestead claimed under the laws of the

United States if the judgment on which the execution issues was recovered for a debt contracted before the homestead claim was patented.

DISPOSAL OF PUBLIC LANDS.—The United States may dispose of the public lands on such terms and conditions, and subject to such restrictions and limitations, as in its judgment will best promote the public welfare, even if the condition is to exempt the land from sale on execution issued on a judgment recovered in a State Court for a debt contracted before the patent issues.

APPEAL from the District Court of the Seventh Judicial District, Solano County. Action to restrain the sale of land under execution. The defendant, Anderson, having initiated a homestead claim under the laws of the United States in 1863, subsequently perfected it, and received a a patent in June, 1869. Prior to the issuance of the patent, and pending the proceedings, he became indebted to defendant Little upon a promissory note. Subsequently, an action was brought upon the note, and a judgment was rendered against him January 19th, 1871. The plaintiff purchased the premises from Anderson in February, 1871, and afterwards brought this action to enjoin the sale. The plaintiff had judgment and the defendants appealed.

*Beatty & Denson,* for Appellants.

The patent had issued, and the title vested absolutely in Charles Anderson before the judgment was rendered. After the United States Government has vested an absolute title to any part of the public domain in a private citizen, no Act of Congress can say whether the land so granted shall or shall not be liable to execution. This is a matter completely subject to State control, and Congress has no constitutional power over the subject.

*Wells & Coghlan,* for Respondent.

The statute of the United States has expressly provided that no lands acquired under the provisions of the Homestead Act shall, in any event, become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor. (Brightley's Digest, U. S. Laws, vol. 2, p. 288, Sec. 44; 12 U. S. Statutes, 392; Stat. of May 20th,

1862, Sec. 4.) It was competent for the sovereign power to grant the land with this restriction, and the State of California is bound by it. (*Bagnell* v. *Broderick*, 13 Peters, 451; *United States* v. *Gratiot*, 14 Peters, 526; *Jourdan* v. *Barrett*, 4 How. 169; *Irvine* v. *Marshall*, 20 Howard, U. S. 558; *Wilcox* v. *Jackson*, 13 Peters, 498; *United States* v. *Hughes*, 11 Howard, 552; Act of September 9th, 1850, Vol. 9 Stat. at Large, 452; 1 Brightley's Digest, 105; *People* v. *Morrison*, 22 Cal. 73.)

By the Court, CROCKETT, J.:

By the fourth section of the Homestead Act of the United States, approved May 20th, 1862 (12 Statutes at Large, 392), it is provided that "no lands acquired under the provisions of this Act shall, in any event, become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor."

The only question presented on this appeal is, whether a homestead claim perfected by a patent under the Act of Congress, and afterward conveyed by the patentee to another person, is exempt from execution and sale for a debt contracted by the patentee prior to the issuing of the patent, and which had been reduced to judgment before the conveyance.

The theory of the defendants is, that after the patent issues and the title has fully vested in the patentee, the power of the Federal Government over the land has ceased, and Congress has no authority to exempt it from execution for antecedent debts. If this theory be sound, Congress has made an abortive effort to protect from seizure and sale, for antecedent debts, homesteads granted to actual settlers on the public lands. But we think it is not sound. Under the Federal Constitution, Congress is vested with the exclusive power to manage and dispose of the public lands. It may dispose of them in such a manner, on such terms and conditions, and subject to such restrictions and limitations as in its judgment will best promote the public welfare. In furtherance of what is deem-

ed a wise policy, tending to encourage settlement, and to develop the resources of the country, it invites the heads of families to occupy small parcels of the public land, and agrees with them that if they will reside upon the land for the period of five years, they shall receive the title in fee, discharged of all debts of this character, before then contracted. To deny to Congress the power to make a valid and effective contract of this character with the homestead claimant would materially abridge its power of disposal, and seriously interfere with a favorite policy of the government, which fosters measures tending to a distribution of the lands to actual settlers at a nominal price.

Judgment affirmed. Remittitur forthwith.

Mr. Justice MᶜKINSTRY dissented.