## A. E. RUSSELL *vs.* MICHAEL F. LOWTH & another.

### Dec. 17, 1874.

**Validity of Act of Congress Exempting Homesteads from Prior Debts of Settler.**— Sec. 4 of the act of congress, entitled "An Act to secure Homesteads to actual settlers on the Public Domain," approved May 20, 1862, which provides that "no lands acquired under the provisions of this act shall, in any event, become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor," is constitutional and valid, and does not violate the sovereignty of the state.

**Conveyance of Homestead does not Render it Liable for such Debts.**—Land patented to an actual settler under said act of congress does not become liable for a debt of the patentee contracted prior to the issuance of the patent, if conveyed by the patentee to another person.

**Nor can it be made Liable therefor by a State Law.**—The provision of the state constitution, "that this state shall never interfere with the primary disposal of the soil within the same by the United States, or with any regulations congress may find necessary for securing the title to said soil to *bona fide* purchasers thereof," (Art. 2, § 3,) is an express inhibition of the state legislature to pass any law subjecting lands patented under the act of congress, known as the Homestead Act, to levy and sale upon execution issued upon a judgment for a debt of the patentee, created prior to the issuance of the patent.

The plaintiff in his complaint sets forth the facts stated in the following opinion, and further alleges the recovery of a judgment by defendants against John Merkle, August 20, 1872, in a suit on a promissory note made by him March 25, 1862; the docketing of such judgment in Faribault county, where the land involved in this action is situate; the issuing of an execution on the judgment; a levy on the land in question, and a sale thereof, on the execution, to defendants, who received the usual certificate of sale. He further alleges that the land was entered by Merkle as a homestead under the laws of the United States, and, as such homestead, was exempt from levy and sale on execution for any debts contracted prior to July 29, 1869, the date of the issuing of the patent; that the levy, sale and certificate of sale, though valid and regular on the face of the proceedings, are wholly void, and are a cloud on his title; and he prays judgment that the sale be set aside and that the certificate and the record thereof be cancelled. A general

demurrer to the complaint was overruled by the district court for Faribault county, *Waite*, J., presiding, and the defendants appealed.

*W. L. Coon*, for appellants.

*Benj. G. Reynolds*, for respondent.

McMillan, C. J.    The land involved in this action was entered by one John Merkle, on or about July 15, 1864, under the act of congress, entitled "An act to secure Homesteads to actual settlers on the Public Domain," approved May 20, 1862, and was conveyed to him by the United States, under and in pursuance of said act, on July 29, 1869. The indebtedness of Merkle to the defendants for which they obtained the judgment sought to be enforced against the land, was contracted by said Merkle March 25, 1869, prior to the issuing of the patent.    On December 21, 1871, John Merkle and wife by warranty deed conveyed the premises upon which the levy was made, to Stephen Merkle, who with his wife conveyed the same by warranty deed to the plaintiff, February 15, 1873.    Neither of these deeds was recorded till after the judgment in favor of the defendants against John Merkle was docketed in the county in which the land lies.    Under our statute, the conveyances were void as against the judgment, unless the land was exempt from levy and sale under the act of congress.    Gen. Stat. ch. 40, § 21.    Section 4 of the act of congress above cited is as follows: "And be it further enacted that no lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor."    12 U. S. Stat. at Large, ch. 75, p. 393;  2 Brightly's Dig., Lands, § 53, p. 397.

The terms of this section clearly exempt all lands patented under the act of which it is a part, from liability for any of the debts of the patentee contracted prior to the issuing of the patent, whether the lands are still held by the patentee, or a *bona fide* purchaser deriving title from him.    But it is claimed by the appellants that this provision of the act of

congress is unconstitutional and void; that congress can make no provision which will withdraw or exempt the lands from the operation of state laws regulating the collection of debts, after the title has fully passed from the government. The first question for our determination is the constitutional validity of this provision of the act.

The second paragraph of section three, article four, of the constitution of the United States reads as follows: " The congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States ; and nothing in this constitution shall be so construed as to prejudice any claims of the United States or of any particular state." The power of disposition contained in this section is delegated by the people of the United States to the congress of the United States. Whatever power is conferred upon the national government, or either branch of it, by the constitution, is accompanied with the element of political sovereignty. The power of disposition conferred by the constitution in the paragraph above quoted, is unqualified, save that it shall not " prejudice any claim of the United States or of any particular state." Whatever may be the effect of this qualification, it clearly does not relate to the power of the state which is claimed to be affected by the act of congress involved in this case. So far, therefore, as this case is concerned, the power conferred is absolute and unqualified, and is the absolute power of the sovereign to dispose of the territory or other property of the national government.

There can be no doubt that, invested with such power, congress had authority to dispose of any portion of the public lands as homesteads, and to secure the title to such lands in the grantees of the government, and *bona fide* purchasers, in the manner provided in this act, whether such lands are within the boundaries of a particular state, or not. *United States* v. *Gratiot*, 14 Pet. 526, affirming 1 McLean, 454. If it be said that this prevents the state from subjecting this class of lands in the hands of its citizens to liability for the

payment of the debts of such citizens, as it may other lands within the boundary of the state, and to that extent violates its sovereignty, the answer is that the state, to this extent, is divested of its sovereignty, by the express grant of power to the congress of the United States by the constitution. Amendments of Const. U. S., Art. 10. This being the power granted by the words, "have power to dispose of * * the territory or other property belonging to the United States," the language, " and make all needful rules and regulations," in its connection in this paragraph of the constitution, if it does not confer enlarged and distinct powers upon congress, at least contains an express grant of power to make all laws necessary for the exercise of the power of disposition granted by the constitution. What are needful rules and regulations for the exercise of this power of disposition, is a question of legislative discretion, and its exercise by congress will not be interfered with by the judicial tribunals of the country.

The supreme court of the United States, and inferior courts of the United States have frequently passed upon the paragraph of the constitution involved here, and although the particular question before us has not been determined by them, yet the construction given to this paragraph sustains the views we have expressed. *Bagnell* v. *Broderick*, 13 Pet. 436; *Wilcox* v. *Jackson*, 13 Pet. 498; *United States* v. *Gratiot*, 14 Pet. 526; *Jourdan* v. *Barrett*, 4 How. 169, 185; *Irvine* v. *Marshall*, 20 How. 558. In *Gibson* v. *Chouteau*, 13 Wall. 92, Mr. Justice Field, delivering the opinion of the supreme court, says (p. 99): " With respect to the public domain, the constitution vests in congress the power of disposition and of making all needful rules and regulations. That power is subject to no limitations. Congress has the absolute right to prescribe the times, the conditions and the mode of transferring this property, or any part of it, and to designate the persons to whom the transfer shall be made. No state legislation can interfere with this right, or embarrass its exercise; and to prevent the possibility of any at-

tempted interference with it, a provision has been usually inserted in the compacts by which new states have been admitted into the Union, that such interference with the primary disposal of the soil by the United States shall never be made.''

Such provision was inserted in the act authorizing the people of Minnesota to form a constitution, state government, etc., and it is embodied in the present constitution of this state, with the further clause, that `` this state shall never interfere with any regulations congress may find necessary for securing the title to said soil to *bona fide* purchasers thereof.'' Const. Minn., Art. 2, § 3. This provision in the state constitution is an express constitutional inhibition of the power of the state legislature to pass any law interfering with `` the primary disposal of the soil by the United States, or with any regulations congress may find necessary for securing the title to said soil to *bona fide* purchasers thereof.''

If we are correct in the views, thus expressed, any state law, subjecting lands patented under the act of congress known as the Homestead Act, to levy and sale upon execution issued upon a judgment for a debt of the patentee contracted prior to the issuance of the patent, would be in conflict, not only with the said act of ·congress, but with the above provision of the state constitution, and, upon both grounds, void.

The question involved in this case has been considered by the supreme court of Wisconsin, in the case of *Gile* v. *Hallock*, (not yet reported,)[1] and that tribunal comes to a conclusion similar to our own.

We see no defect in the complaint. The order overruling the demurrer is affirmed.

[1] Since reported, 31 Wis. 523. (Reporter.)