## The Kansas Lumber Company v. Oliver Jones.

Mechanics' Lien; *No Foreclosure*.  Where a dwelling house is situated upon government land, which is occupied by the debtor as a homestead under the United States homestead act, and the house is built upon a solid stone foundation, and is permanently attached to the soil, and the patent for the land has not yet been issued, and the debtor is not entitled to receive any patent, *held*, that a lien for building materials used in the construction of such house cannot be procured upon either the house or the land.

### *Error from Sedgwick District Court.*

Action by *The Kansas Lumber Company* against *Jones* upon an account, and to foreclose a lien on certain real estate for building materials.    At the May Term, 1881, the court rendered a personal judgment for the plaintiff and against the defendant, but refused to enter any judgment foreclosing the alleged lien.    This ruling the plaintiff brings here.    The opinion states the facts.

*O. H. Bentley*, and *J. E. Howard*, for plaintiff in error.

*Dale & Dale*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action upon an account for $461.96, and to foreclose an alleged lien upon certain real estate for lumber and building materials sold by the plaintiff to the defendant. A personal judgment was rendered in favor of the plaintiff and against the defendant for the amount of the account, but the court refused to render any judgment in favor of the plaintiff and against the defendant foreclosing the plaintiff's alleged lien. The plaintiff now brings the case to this court. It appears that the defendant, under the United States homestead act, occupied a certain piece of government land; that he purchased from the plaintiff lumber and building materials to erect a dwelling house thereon; that with such lumber and building materials he erected such dwelling house; and that he now occupies the house and land as a homestead for himself and family. The dwelling house is built upon a solid stone foundation, and is permanently attached to the soil. At the time the lumber and building materials were purchased, and when this action was commenced, the title to the land was still in the United States, the patent for the land not having yet been issued, and the defendant not being yet entitled to any patent.

The defendant claims that the plaintiff is not entitled to foreclose his alleged lien upon the land, for at least two reasons: *First*, he claims that the statement for the lien is not sufficient; and *second*, he claims that no lien for debts can be procured upon homestead lands, while the title thereto remains in the government of the United States.

We shall pass over the first of the above claims made by the defendant, and shall consider only the second; for with the view that we have taken of this case, it is entirely unnecessary to express any opinion with reference to the first claim. There-

fore, for the purposes of this case, we shall assume that the plaintiff's statement for his lien is sufficient.

The United States statutes relating to homestead settlements provide, among other things, as follows:

"No lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor." (12 U. S. St. at Large, p. 393, § 4; U. S. Rev. St. of 1878, p. 421, § 2296.)

Under this provision of the United States statutes, we think the decision of the court below is correct.    The defendant's house was undoubtedly a part of the real estate upon which it was constructed, and under this provision of the United States statutes, no lien could attach thereto.    And under the statutes of Kansas the lien attaches only to the real estate, "the whole tract or piece of land, the buildings and appurtenances," and not to personal property. (Civil Code, § 630.)    If the defendant had been entitled to a patent, we think the lien would have attached to the land, for where a person is entitled to a patent—that is, where the patent is already due, the rights and liabilities of the parties are generally the same as though the patent had in fact been issued.    But in this case the defendant was not entitled to any patent.    He was not entitled to a patent at the time when the lumber and building materials were purchased, or at the time when the dwelling house was erected, or at the time when the lien statement was filed, or at the time this action was commenced; in fact, so far as appears, he has never been entitled to a patent.    Except, however, for said provision of the United States statutes, we think the lien might attach, although the defendant was not entitled to a patent; for, as we think, a person might in many cases obtain such an interest in government property that in the absence of any law to the contrary a lien might attach to such interest.    But liens cannot attach to government property, or to any interest therein, against the express provisions of the United States statutes to the contrary.

We think the judgment of the court below is correct, and it will be affirmed.

All the Justices concurring.