Sorrels v. Self, Adm'r.

## SORRELS v. SELF, ADM'R.

1. **PLEADING AND PRACTICE:** *Amending to correspond with proof: Presumption.*

   If a plaintiff fails to demur to an answer defectively stating a good defence, and the testimony which is admitted without objection, shows a good defence, the answer will be regarded as amended to correspond with it. And where there is no bill of exceptions this court will, in support of a judgment below, presume that the defects in the answer were cured by the proof at the trial.

2. **HOMESTEAD:** *U. S. not subject to debts before patent.*

   A homestead on land of the United States is not liable to any debt contracted prior to the issuance of the patent therefor.

APPEAL from *Lincoln* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*M. L. Jones* for appellant.

Sorrels v. Self, Adm'r.

1. Amendment to correspond with proof.

COCKRILL, C. J. Sorrels petitioned the Probate Court for an order to sell the lands of his deceased debtor under the act of February 15th 1877. On appeal to the Circuit Court, the case was submitted to the court, sitting as a jury, on the petition and the answer of the administrator; and the court being advised as to the *facts*, as the record states, gave judgment for the administrator. There was no motion for a new trial and no bill of exceptions. We infer from the record entry that the case was heard upon proof of the issues made by the pleadings, and we must presume that the judgment below is right if the answer states a defence to the petition. It is not

Presumption.

necessary, however, in such case that the answer should state a defence perfect in every particular, for if it contains the substance of a defence imperfectly stated, the presumption would be that the defects in the answer were cured by the proof at the trial. If the plaintiff desires to take advantage of such defects, he can do it by demurrer, but if he fails to do so, and on the trial testimony which pieces out a good defence is admitted without objection, the answer will be regarded as amended to correspond with it. *Hawks v. Harris*, 29 *Ark.*, 323; *Healy v. Conner*, 40 *Ib.*, 352.

The answer here states that the land described in the petition, was entered by the decedent in the U. S. land office under an Act of Congress entitled "An Act to provide homesteads on the public domain to actual settlers;" and that after the debt due petitioner was contracted the patent to the lands had been issued to decedent's heirs.

The Constitution of the U. S. invests congress with the power to dispose of and make rules and regulations in regard to the public domain. State and federal courts have concurred in holding that the power of congress under this provision is almost without limit. Congress

are the sole judges of what rules and regulations are necessary, and when established their rules in this connection are the supreme law of the land.

In *Gibson v. Choteau*, 13 *Wal.*, 92, the Supreme Court of the U. S. say: Congress has the absolute right to prescribe the times, the conditions and the mode of transferring the property, or any part of it, and to designate the persons to whom the transfer shall be made. No state legislature can interfere with the right or embarrass its exercise. See *U. S. v. Gratiot*, 14 *Pet.*, 526.

Under this authority congress declared that a homestead should be given to an actual settler on certain conditions, and it was provided in case he should die without receiving a patent therefor, that it should issue to his widow or heirs. This, as we have seen, congress had the unquestioned right to direct. The heirs of the deceased homesteader, in this case, availed themselves of the provision and took the title to themselves. It is not necessary to enquire whether congress intended by this provision to invest them with the title free from the claims of the creditors of their ancestor, for in section 2296 of the same chapter of the Rev. Statutes, it is declared " that no lands acquired under the provisions of this chapter shall in any court become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

2. HOMESTEAD from U. S. not subject to debts contracted before patent.

Effect has been given to this provision of the statute by the courts whenever the question has arisen. *Seymour v. Jourdan*, 3 *Dill.*, 437; *Gill v. Hallock*, 33 *Wis.*, 523; *Nycum v. Allister*, 33 *Iowa*, 374.

It is held that a judgment obtained on a debt contracted before the patent issued is not a lien on land acquired under the act, and that the land cannot be sold

under execution from such judgment, whether it belongs to the original settler, or a purchaser from him. *Miller v. Little*, 47 *Cal.*, 348 ; *Russel v. Loth*, 21 *Minn.*, 167.

No attempt is made by congress to control these lands, or put any condition on the state in reference to them, for any act done or debt contracted after title has passed from the U. S. They simply assure the settler who enters on the land, in any event—whether the patent shall thereafter issue to him, his widow or his heirs— that the land and the fruits of his labor thereon shall not be subject to be taken for debts contracted while the title to the same was in the government.

To deny to congress the power to make a valid and effective contract of this sort with the homestead claimant would materially abridge its power of disposal and seriously interfere with a favorite policy of government which fosters measures tending to a distribution of the lands to actual settlers at a nominal price. *Miller v. Little, supra.*

Affirmed.