THE STRUBY-ESTABROOK MERCANTILE CO. ET AL., PLAINTIFFS IN ERROR, v. DAVIS, DEFENDANT IN ERROR.

1. HOMESTEAD WHEN NOT EXEMPT.

Lands entered under the United States homestead acts are liable to the satisfaction of debts contracted by the homesteader after the date of the receiver's receipt.

2. FINAL RECEIPT—PATENT.

A final receipt issued upon a homestead entry is as binding upon the government as a patent, and when a patent is issued it relates back to the entry.

3. STOCK IS PERSONAL PROPERTY.

The capital stock in ditch companies is personal property and subject to execution and sale the same as other personal property.

*Error to the District Court of Boulder County.*

PLAINTIFF in error, The Struby-Estabrook Mercantile Company, a corporation, on January 23, 1889, obtained a judgment in the district court of Arapahoe county against defendant in error, George F. Davis. On the same day an execution was issued upon this judgment and placed in the hands of plaintiff in error, Hansbrough, who was then sheriff of Boulder county, for execution. This execution was levied upon certain real estate standing upon the records in the name of defendant in error, and also upon certain ditch stock of which he was the owner.

The record discloses that Davis settled upon and obtained title to this real estate under and by virtue of the homestead

acts of congress.  The debt for which this judgment was obtained was contracted after the issuance of a final certificate of entry to defendant, and prior to the obtaining by him of a patent to the premises.  The claim is that the land is exempt from this levy by the terms of section 2296 of the Revised Statutes of the United States, which provides that " No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor ; " and that the ditch stock is also exempt as an appurtenant to the land.  The defendant obtained a temporary writ of injunction from the district court of Boulder county restraining plaintiff from selling the property so levied upon.  Upon final hearing, this injunction was made perpetual.  To reverse such judgment, this writ of error was sued out.

Messrs. BARTELS & BLOOD, for plaintiffs in error.

Mr. JOHN H. WELLS, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The following questions are presented by this record :

*First.* Are lands entered under the United States homestead acts liable to the satisfaction of debts contracted by the homestead claimant between the date of the final certificate and the date of the patent?

*Second.* Is the capital stock of a ditch company exempt from levy and sale where the ditch is used to convey water to land entered under the homestead act ?

The first of these questions is not free from doubt.  The debt having been contracted prior to the actual issuance of the patent, the exemption is claimed by the literal terms of the act.  On the contrary, plaintiff in error contends that the exemption provided for by section 2296 of the Rev. Stats. of the U. S. applies to the land only prior to the issuance of the receiver's final certificate therefor.  That from and after

the date of the issuance of such certificate the claimant must be presumed to have complied with all of the conditions of the law necessary to entitle him to a patent therefor, and that when the patent issues it relates back to the date of such final certificate.

A number of cases have been cited in which this section of the United States statute has been under consideration by the courts; in none of these cases, however, has the question now presented been directly before the courts for adjudication. An examination of these cases shows that in nearly all it affirmatively appeared that the debt was contracted prior to the issuance of the receiver's final certificate, and in none of them does the contrary appear. *Seymour v. Sanders*, 3 Dillon, 437; *Gile v. Hollock*, 33 Wis. 523; *Patton v. Richmond*, 28 La. An. 795; *Miller v. Little*, 47 Cal. 348; *Russell v. Lowth*, 21 Minn. 167; *Clark v. Bayley*, 5 Oregon, 343; *Kansas Lumber Co. v. Jones*, 32 Kans. 195.

In the case of the *Kansas Lumber Co. v. Jones, supra*, the action was to foreclose a mechanic's lien upon certain real estate. The defense relied upon was the same as here. In that case, however, the final certificate had not been issued at the time the lien was claimed, and the court decided that the lien did not attach, but said: "If the defendant had been entitled to a patent, we think the lien would have attached to the land, for where a person is entitled to a patent,—that is, where a patent is already due, the rights and liabilities of the parties are generally the same as though the patent had in fact been issued. But in this case the defendant was not entitled to any patent." Although the views of the court thus declared do not appear to have been necessary to the judgment, they are entitled to weight as an expression of opinion from an able court.

The nature of the title conveyed by the certificate was under investigation. In the case of the *Omaha & Grant S. & R. Co. v. Tabor*, 13 Colo. 41, Mr. Commissioner Reed in an opinion approved by this court said: "The patent does not invest the purchaser with any additional property in the land.

It only gives him a better legal evidence of the title which he first acquired by the certificate." It has frequently been held that the final certificate is as binding upon the government as the patent, and that when the patent issues it relates back to the entry. Not only should the patent be treated as mere evidence of title, but it is the settled doctrine of the courts that its issuance is purely a ministerial act. *Blatchley v. Coles*, 6 Colo. 350; *Poire v. Wells*, 6 Colo. 406; *Steele v. Smelting Co.*, 106 U. S. 447; *Heydenfeldt v. Daney Gold Co.*, 93 U. S. 634.

We are of opinion that the exemption provided for only applies up to the time of the divesture of the government title. The title passes with the receiver's certificate. This view finds support from the fact that in nearly all of the states of the Union, including Colorado, statutes may be found which authorize and require the listing of real property for taxation from and after the time of the issuance of the receiver's final receipt therefor. In the case of *Carroll v. Safford*, 3 Howard, 459, it was contended that such legislation was not valid under the Constitution and laws of the United States, the argument being that it interfered with the disposition of the public domain by congress. In disposing of this question, the court used the following pertinent language :

" But independent of the force of usage, we think the construction is sustainable. When the land was purchased and paid for, it was no longer the property of the United States, but of the purchaser. He held for it a final certificate, which could no more be canceled by the United States than a patent. It is true, if the land had been previously sold by the United States, or reserved from sale, the certificate or patent might be recalled by the United States, as having been issued through mistake. In this respect there is no difference between the certificate holder and the patentee.

"It is said, the fee is not in the purchaser, but in the United States, until the patent shall be issued. This is so, technically, at law, but not in equity. The land in the hands

of the purchaser is real estate, descends to his heirs, and does not go to his executors or administrators. In every legal and equitable aspect, it is considered as belonging to the realty. Now, why cannot such property be taxed by its proper denomination as real estate?—in the words of the statute 'as lands owned by nonresidents.' And if the name of the owner could not be ascertained, the tract was required to be described by its boundaries or any particular name. We can entertain no doubt that the construction given to this act by the authorities of Michigan, in regard to the taxation of land sold by the United States, whether patented or not, carried out the intention of the lawmaking power."

Again, the *Yosemite Valley* case, 15 Wallace, 77, is authority for saying that when a claimant has complied with all the preliminary acts prescribed by congress for the acquisition of title, the power of regulation and disposition conferred upon congress by the constitution ceases.

Mr. Washburn, in his work on real property, says: "As soon as the title shall have passed from the United States, it takes the character of other property within the state, and is subject to state legislation." 3 Washburn on Real Prop. (4th. ed.) p. 187.

It is the declared policy of the courts, both national and state, to declare the title in the claimant from the time he receives the final certificate of entry. When the patent issues it relates back to the date of such certificate. And the construction of the exemption clause, which holds that the exemption extends only down to the time when a patent should and would be issued were it not for the delays necessarily arising from the amount of work before the land department of the government, is more in harmony with the general policy of the act, and should be adopted. When a patent is due, we are of the opinion it should be treated as having been issued in contemplation of the act, and that the time of the exemption then ceases. *Aurora Hill Con. M. Co., v. 85 M. Co.*, 34 Fed. Rep. 515; *Alta M. & S. Co. v. Benson M. & S. Co.*, 16 Pac. Rep. 565.

VOL. XVIII—7

In this case, therefore, it being conceded that at the time the defendant contracted the debt, to secure the payment of which the execution in favor of plaintiff was levied, he was the owner of the land, it follows that it might be lawfully taken in satisfaction of the debt.

*Second.* The conclusion reached upon the first question disposes of the second. The exemption of the ditch stock is only claimed on the ground that the ditch was an appurtenant to the land and was necessary to the full enjoyment thereof. Having decided that the land was not exempt, of course the ditch stock is not. Aside from this, by statute in this state, the stock in ditch companies is personal property and subject to execution and sale the same as other personal property. Furthermore, we must not be understood as sanctioning the proposition that the stock of a ditch company is evidence of right appurtenant to the land. Gen'l Stats. 1883, sec. 389; *Conway v. John,* 14 Colo. 30; *Strickler v. Colorado Springs,* 16 Colo. 61.

The judgment of the district court is reversed and the cause remanded.

*Reversed.*