JEROME DICKERSON, Respondent, v. HENRY CUTHBURTH, et al.; JAMES HODNETT, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Federal Homestead Law:** EXEMPTION OF LAND: NATURE OF RIGHT. The exemption created by the federal homestead laws, under which the land entered is not liable for debts incurred prior to the issue of the patent, is not a privilege personal to the patentee, but attaches to the land and enures to the benefit of his grantee.

2. ———: RIGHT OF HOMESTEADER TO MORTGAGE LAND. The provision mentioned does not prevent the homesteader from making a valid mortgage of his interest in the land prior to the issue of his patent.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*T. J. Delaney* and *E. A. Barbour* for appellant.

The petition does not aver that defendant Hodnett, or any defendant, had any notice or knowledge whatever of the alleged mistake in the description of the land conveyed by Cuthburth to Dickerson in the deed of trust, which Dickerson seeks in this action to have corrected and declared prior to defendant's title and all other incumbrances; and there is no evidence that defendant had any notice or knowledge of such alleged mistake prior to or at the time of his purchase of said land. *Cox v. Esteb*, 81 Mo. 393; *Pike v. |Robertson*, 79 Mo. 615; *Cox v. Esteb*, 68 Mo. 111; *Henderson v. Dickey*, 35 Mo. 120; *Henderson v. Dickey*, 50 Mo. 163; *Brocking v. Straat*, 17 Mo. App. 296.

*James Baker* and *S. A. Haseltine* for respondent.

Appellant, having no title to or interest in the lands, was not entitled to notice; he could not be affected ᵥ by a failure to notify him. The land was exempt from execution sale under the homestead laws of the United States. Revised Statutes of the United States, sec. 2296; *Baldwin v. Boyd*, 25 N. W. Rep. 580. A mortgagee may claim such exemptions. *Baldwin v. Boyd, supra.* A homesteader may make a valid mortgage of his homestead prior to final proof. *Lang v. Mooney*, 42 N. W. Rep. 88; *Spies v. Newburg*, 37 N. W. Rep. 417; *Lewis v. Wetherell*, 31 N. W. Rep. 356; *Ragen v Reid*, 20 Pac. Rep. 425.

ROMBAUER, P. J.—This is a suit in equity seeking the reformation of a deed of trust, and its foreclosure after reformation. A decree in conformity with the prayer of the petition was rendered by the trial court. The

defendant, Hodnett, alone appeals, and he assigns for error that the petition fails to state any cause of action, and that the decree is not warranted by the evidence.

For the purpose of deciding the first point thus raised, it suffices to state the substantive facts alleged in the petition, which are as follows: Cuthburth in September, 1888, was indebted to the plaintiff in the sum of $600, and to secure the payment of the debt executed a deed of trust, intending to convey the north half of the *northwest* quarter of a certain section of land; but by mistake of the scrivener, who drew the deed, the land was described as the north half of the *northeast* quarter. The land intended to be conveyed was entered by Cuthburth under the homestead laws of the United States, and the plaintiff shortly after the execution of the deed of trust entered upon it, took possession of it, and has been in possession of it ever since under said deed of trust. The defendant, Hodnett, thereafter obtained a judgment against Cuthburth before a justice of the peace, and filed a transcript thereof in the clerk's office of the circuit court, but plaintiff denies that such judgment was legally rendered or that such transcript was legally filed.

The petition then states that such judgment was rendered prior to the entry of the lands by Cuthburth, and that, as the land was entered under the homestead laws of the United States, it was exempted by those laws from the payment of all debts contracted prior to the issuance of a patent for the same.

The prayer of the petition is, that the court may reform the deed of trust and correct the mistake therein, and establish the lien of the plaintiff's deed of trust as paramount to the incumbrance claimed by Hodnett, and may foreclose the deed of trust on the premises.

The defendant, Cuthburth, did not answer, but made default. The defendant, Hodnett, filed a general

denial, and upon the trial objected to the introduction of all evidence on the ground that the petition did not state facts sufficient to constitute a cause of action. This objection was overruled, and the defendant excepted and still excepts.

We find the facts established by the evidence to to be as follows: The plaintiff furnished the money to Cuthburth to make the entry of the land in August, 1888, and loaned him sufficient additional money to swell the amount to $600. It was the intention of himself and Cuthburth that the latter should secure the amount thus loaned by a deed of trust on the land when entered. The land which Cuthburth then entered, according to the register's certificate, was the north half of the *northwest* quarter of the section in question. A few days thereafter Cuthburth executed the deed of trust which is now sought to be reformed, describing the land as the north half of the *northeast* quarter. Cuthburth in the year 1891 executed to the plaintiff a deed of correction, which recited the prior deed and the mistake in the description as the northeast instead of the northwest quarter. The scrivener testified that he prepared the first deed from a description given to him by Cuthburth as a description of the land he was then entering. The plaintiff's evidence was sufficient to establish the fact that Cuthburth intended to convey to him the north half of the northwest quarter, and that he, the plaintiff, intended that the deed of trust should convey that land to him. A United States patent for the land was issued by Cuthburth on May 23, 1889, reciting the land as the one entered August 31, 1888.

On August 23, 1888, Hodnett recovered three judgments before a justice of the peace against Cuthburth, transcripts whereof were filed on the same day in the circuit clerk's office. In February, 1889, executions were issued on such transcripts and delivered

to the sheriff, who levied them on April. 3, 1889, on Cuthburth's interest in the north half of the northwest quarter of the section, and sold the land in execution sale to Hodnett, making him a deed therefor on June 6, 1889. The deed of correction from Cuthburth to plaintiff was executed in April, 1891.

The objection to the petition is founded on the fact, that it does not state that the defendant, Hodnett, had any notice of the alleged mistake in the description of the deed of trust prior to the time he became a purchaser of the land. The petition does state that the plaintiff, "soon" after the execution of the deed of trust, entered upon and took possession of the land, from which a notice to the defendant of plaintiff's claim of some title to the land might be inferred. But a presumption of evidence cannot be invoked as aiding a plea by necessary intendment, nor is the indefinite word "soon" sufficient to show that such entry was anterior to the purchase by Hodnett under a title, the inception of which, as the exidence shows, was cotemporaneous with the acquisition of title by Cuthburth himself. The evidence fails to show that the plaintiff was ever in possession of the land.

The sufficiency of the petition, therefore, as well as the sufficiency of the evidence to warrant the decree, must depend upon the fact that the defendant Hodnett never acquired any valid lien on the land by his judgments, and hence the question whether he had notice of the alleged mistake is wholly immaterial. The decree of the court, as appears by its recitals, is based solely on that ground, and is, we think, unquestionably correct.

Section 2296 of the Revised Statutes of the United States, under the chapter providing for homesteads, provides: "No lands required (acquired) under the provisions of this chapter shall in any event become

liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor.'' The constitutional validity of this provision is unquestioned (*Seymour v. Sanders*, 3 Dillon, 437), and is not challenged in the case at bar. The appellant, however, contends that this provision is one for the benefit of the homesteader only, and can not be invoked in favor of one to whom he conveys. In *Russell v. Lowth*, 21 Minn. 167, a case almost identical in its facts with the case at bar, it was decided, and we think rightly, that the exemption is not a personal privilege, but is one which attaches to the land, and that the states have no power to subject such lands to levy and sale for anterior debts of the homesteader. To the same effect is *Miller v. Little*, 47 Cal. 348. So, in *Baldwin v. Boyd*, 25 N. W. Rep. 580, it has been held that the exemption continues in favor of a grantee of the original patentee, and he may plead the same. On the other hand, it has been decided with equal uniformity that this provision does not prevent the settler from validly mortgaging his interest prior to the issuance of the patent. *Nycum v. McAlister*, 33 Iowa, 374; *Lang v. Morey*, 42 N. W. Rep. 88.

It appearing by defendant's own evidence that the debt of Cuthburth, for which he obtained judgment and under which he caused the land to be sold, was contracted by Cuthburth prior to the issuing of the patent to him, the defendant acquired no title to the land by such sale. If he had no title, he had no interest in the land which entitled him to notice of the mistake in the conveyance of the land to another. Under these circumstances, the decree rendered by the court invades no right of his, and he has no ground for complaint. Judgment affirmed. All concur.