HENRY JOHNSON v. FRANK BORIN.

### No. 155.

HOMESTEAD LAWS—*Abandoment of Homestead — Seizure and Sale.*   Lands entered under the provisions of the United States homestead acts, after they have been abandoned as a homestead, are liable to seizure and sale under proper proceedings in attachment for the satisfaction of debts contracted by the homestead claimant between the date of final proof and certificate and the issue of the patent.

Error from Graham district court; CHARLES W. SMITH, judge.   Opinion filed May 25, 1898.   Affirmed.

*George W. Jones*, for plaintiff in error.

*W. B. Ham*, for defendant in error.

The opinion of the court was delivered by

WELLS, J. : The only question submitted to the court below in this case was : Can land procured from the United States under the provisions of the homestead law, and abandoned as a homestead, be taken by attachment or execution for the payment of a debt contracted after final proof has been made but before the issue of the patent therefor ? And this is the only question before us.

The plaintiff in error claims that the property was exempt from levy and sale by virtue of section 2296, United States Revised Statutes of 1878, which reads as follows : "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

In *Stark v. Starrs*, 6 Wall. 402, the supreme court of the United States held : " The right to a patent once vested is equivalent, as respects the government dealing with the public lands, to a patent issued."

This precise question was decided by our supreme court in *Leonard v. Ross*, 23 Kan. 292, except in the case there decided the time was commuted by the payment of money, but this fact was not referred to by the court as a reason for taking it out of the operation of the section, but on the contrary the court says : "That provision of said homestead act which refers ' to the issuing of the patent ' has reference to that period of time when the patent ought to be issued, and not to the mere clerical work of issuing it." In *Kansas Lumber Co. v. Jones*, 32 Kan. 197, VALENTINE, J., speak-

Johnson v. Borin.

ing for the court, said : "If the defendant had been entitled to a patent we think the lien would have attached to the land, for where a person is entitled to a patent, that is, where the patent is already due, the rights and liabilities of the parties are generally the same as though the patent had in fact been issued." Under these authorities, we see no escape from the conclusion that the judgment of the court below was correct.

The judgment of the court below is affirmed.