[No. 1857.]

### Malaby v. Rice et al.

1. MINES AND MINING—BOND AND LEASE—ASSESSMENT WORK—FORFEITURE—JURISDICTION.

The owners of an interest in a mining claim executed to their cotenant a bond and lease whereby they gave him an option to purchase at a certain price within a specified time, and during the time the lessee was given exclusive possession for the purpose of working the mine on his own account paying therefor a certain royalty, and conditioned that the lessee should do a certain amount of work on the claim each year, during the time he held possession, to prevent a forfeiture of the claim for failure to do the required annual assessment work, and before the expiration of the bond and lease the lessee demanded of the lessors a payment to him of a proportion of the cost of the assessment work equal to their proportional interest in the claim under penalty of a forfeiture of their interest, and they failing to make such payment the lessee filed a notice of their forfeiture and thereafter claiming to be the sole owner the lessee ap-

plied for patent and procured in his own name a receiver's receipt for the purchase price of the claim. In an action by the lessors to have the lessee declared a trustee of their interest in the claim and to compel him to convey to them such interest the question involved was one solely for judicial determination and the court, and not the United States land office, had jurisdiction to determine the matter.

2. MINING CLAIMS—RECEIVER'S RECEIPT—PRACTICE.

Where a receiver's receipt is issued to a mining claim in the name of one party and another claims an interest therein, the claimant is not required to wait until a patent issues on the claim before bringing his action to determine his rights.

3. MINING CLAIMS—ASSESSMENT WORK—FORFEITURE—ESTOPPEL.

The fact that the claimants of a joint interest in a mining claim had notice that defendant claimed a forfeiture of their interest by reason of nonpayment of their part of the assessment work and did not attempt to assert any adverse claims in the land office when defendant applied for patent and procured a receiver's receipt would not create an estoppel against them, nor would they thereby waive their rights to go into court and have their interests determined and adjudicated.

*Appeal from the District Court of El Paso County.*

Messrs. PRITCHARD & COLE, for appellant.

Mr. JOHN R. DIXON and Mr. G. C. WELLS, for appellees.

WILSON, J.

The purpose of this suit instituted by appellees was to secure a decree adjudging that the defendant was a trustee, holding in trust for them four undivided one-ninth parts of the Mallet lode mining claim in the Cripple Creek district, and that defendant be compelled to convey such interest to them. Defendant interposed a demurrer to the complaint, which was overruled. Thereupon, he stood upon the demurrer and a decree was entered in behalf of plaintiffs as prayed for. The substantial allegations of the complaint, admitted by the demurrer to be true, were that on January 26, 1895—less than two years before the commencement of this suit—the parties to the action and one Bruce, whose interest is not

involved in this controversy, were the owners of the said lode mining claim, the plaintiffs owning four one-ninth parts thereof. That on said date, plaintiffs, together with Bruce, executed to defendant a bond and lease of the claim, by the terms of which defendant was to be let into the exclusive possession thereof for the purpose of working it on his own account, paying a certain royalty therefor to the other parties, and with privilege of purchasing the other parties' interest in the claim within a certain time, at a specified price. This bond and lease, which was set forth in full in the complaint, specifically required defendant to do a certain amount of work upon the claim during each year that he held possession thereunder. The complaint specifically alleged that this provision of the lease requiring certain work to be done each year was inserted by the agreement of all parties, for the purpose of preventing a forfeiture of the claim on account of the failure to comply with the United States law with reference to assessment work.

The complaint further alleged that whilst defendant was so holding possession under said lease, and before its expiration, in violation of his contract, he demanded that plaintiffs pay to him four ninths of the cost of the assessment work upon the claim for 1896, under penalty of the forfeiture of their interest therein. That upon their failure to make such payment, defendant filed a pretended notice of such forfeiture, with the intent to defraud plaintiffs out of their interest, and thereafter, claiming to be the sole owner of the claim, made application for patent in the United States land office, and through such fraudulent means procured from the land office a receiver's receipt for the purchase price of said claim.

The chief contention of defendant in his argument is that the United States land department alone had jurisdiction of the controversy, and that a court of equity should not, if at all, assume jurisdiction until a patent for the claim had been issued by that department. This claim is based upon an alleged rule of the general land office to the effect that, "One holding a present joint interest in a mineral location in an ap-

plication for a patent, who is excluded from the application so that his interest would not be protected by the issue of patent thereon may protest against the issue of patent as applied for, setting forth in such protest the nature and extent of his interest in such location, and such a protestant will be deemed a party in interest entitled to appeal."

Without attempting to discuss the extent, application or object of this rule, it is obvious that it does not, and could not, apply to the matter in controversy. Here the question presented was one solely for judicial determination, namely, whether or not the plaintiffs herein were holding a " present joint interest" in the location. If such a protest had been made and received by the land department, it would not have assumed judicial functions and undertaken to decide the controverted point, but would have referred the parties to the courts for redress. The plaintiffs had a clear right to commence this proceeding in court, because it was the court alone that could determine the matter. The suit was not an attack, either collateral or otherwise, upon the proceedings in the land office. Neither was the suit instituted prematurely. The parties were not compelled to wait until a final patent had been issued. The issuance of a patent was a matter solely between the government and the parties. The issuance of the receiver's receipt was an acknowledgment, so far as all other parties save the government was concerned, that the government had parted with its interest in the land. After its issuance, the parties to whom the receipt ran were vested with a title which they could convey, subject to be defeated only by the government. *Struby, etc., v. Davis,* 18 Colo. 93 ; *Godding v. Decker et al.,* 3 Colo. App. 204.

If plaintiffs had been compelled to wait until the actual issuance of the patent before they were entitled to commence proceedings to assert their rights, defendant could in the mean time have conveyed the property, and the plaintiffs would have been without any chance of redress.

From the facts as alleged in the complaint,—and those alone are before us,—we see no question of waiver by or es-

toppel against the plaintiffs. If such existed, they should have been set up as matters of .defense. The mere facts that plaintiffs had notice that defendant claimed a forfeiture of their interest by reason of nonpayment of their part for the assessment work, and did not attempt to assert any adverse claims in the land office would not create an estoppel, nor would they thereby waive any rights. They, and parties similarly situated, might be, and indeed generally are, anxious to see patent proceedings pushed as vigorously as possible and a patent secured as quickly as can be. They certainly do not thereby, however, waive any right to subsequently go into the courts and have the interests of the parties in the claim properly determined and adjudicated.

We think the judgment in this case was clearly correct, and it will be affirmed.

*Affirmed.*