## HOBB v. J. I. CASE THRESHING MACH. CO.

No. 2834.   Opinion Filed September 23, 1913.

(135 Pac. 395.)

1. **PUBLIC LANDS—Exemption.**  The exemption from liability for debts, provided for by section 2296, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1398), no longer applies to lands after final proof has been made, and receiver's final receipt issued therefor.

2. **SAME.**  The provision of said section 2296, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1398), which refers to the issuance of patent, has reference to that period of time when the patent ought to be issued, and not to the mere clerical act of issuing it.

(Syllabus by Robertson, C.)

*Error from District Court, Beckham County;*
*G. A. Brown, Judge.*

Action by the J. I. Case Threshing Machine Company against Elizabeth Hobb.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*P. C. Hughes* and *E. E. Reardon,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendant in error.

Opinion by ROBERTSON, C.   On June 25, 1907, defendant, Elizabeth Hobb, with others, made, executed, and delivered

to plaintiff, the J. I. Case Threshing Machine Company, her certain promissory note, which, becoming due and remaining unpaid, was made the basis of this action, which was filed on April 14, 1909. Attachment process issued, and was levied upon defendant's farm, the same being the S. E. ¼ of section twenty-three (23), in township ten (10) north, range twenty-six (26) west, I. M., Beckham county. Service of summons on defendant was had by publication, as well as by personal service, in the state of Kansas, where she was residing at the time. Judgment was taken against her by default on March 10, 1910, for $1,076.89, the sum due, and all costs. On August 10th thereafter defendant filed a motion in said case to set aside the judgment and attachment, and all proceedings had thereunder, on the ground that the trial court had no jurisdiction of the subject-matter of the controversy nor of the person of defendant, for that the land attached was a government homestead, and therefore not liable for any debt contracted prior to the issuance of patent. The parties have agreed that this is the only question in the case, and have stipulated as to the essential facts as follows:

"And it is agreed as a fact that the final receipt to said defendant, Elizabeth Hobb, covering the southeast quarter of section 23, township 10, north of range 26, west of the Indian meridian, in Beckham county, Okla., being the land involved in said attachment proceedings, was issued upon the 29th day of May, 1907; that the notes sued upon in said action were executed by said defendant, Elizabeth Hobb, * * * on the 25th day of June, 1907, and that the patent to said defendant covering said land was issued on the 16th day of January, 1908."

Defendant relies for relief upon section 2296, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1398), which reads as follows:

"No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

A majority of the reported cases seems to sustain her contention. *Seymour v. Sanders,* 3 Dill 437, Fed. Cas. No. 12,690; *Lewton v. Hower,* 18 Fla. 872; *Russell v. Lowth,* 21 Minn. 167, 18 Am. Rep. 389; *Gile v. Hallock,* 33 Wis. 523; *Sorrels v. Self,* 43 Ark. 451; *Smith v. Schmitz,* 10 Neb. 600, 7 N. W. 329; *Bald-*

*win v. Boyd,* 18 Neb. 444, 25 N. W. 580; *Brandhoefer v. Bain,* 45 Neb. 781, 64 N. W. 213; *Clark v. Bayley,* 5 Ore. 343; *Faull v. Cooke,* 19 Ore. 455, 26 Pac. 662, 20 Am. St. Rep. 836; *Dickerson v. Bridges,* 147 Mo. 235, 48 S. W. 825; *Miller v. Little,* 47 Cal. 348.

Plaintiff contends that the real proposition over which this controversy arises is this: Is the land exempt and not liable for the payment of the debt sued on *after final proof was made and final receipt issued, but before issuance of patent?*

It will be remembered that the notes sued on were executed after the issuance of final receipt, but before the issuance of patent.

This identical question was passed on by the Supreme Court of Oklahoma Territory in *Flanagan v. Forsythe,* 6 Okla. 225, 50 Pac. 152, where in the syllabus it is said:

"The exemption from liability for debts of * * * section 2296 of the Revised Statutes of the United States no longer applies to said lands *after final proof has been made and final, or patent, certificates* issued therefor." (Italics ours.)

In *Leonard v. Ross,* 23 Kan. 292, it was said, in discussing this question:

"Ross was entitled to his patent on May 19, 1874, and therefore his rights must be determined as though the patent had in fact been issued on that day. * * * The failure of the officers to issue the patent at the time that it ought to be issued does not affect the rights of any person. The property becomes the purchaser's at the time he pays for it, with the bare, naked, legal title only remaining in the government. After Ross paid his money, he did not any longer hold his land under the provisions of the congressional homestead act. When he paid for his land, he thereby took it out of the further operation of said homestead act; and, after paying for it, he in fact abandoned it as a residence, which he could not properly have done if he had still been holding it under the provisions of said homestead act. That provision of said homestead act which refers 'to the issuing of the patent' has reference to that period of time when the patent ought to be issued, and not to the mere clerical work of issuing it."

See, also, *Kansas Lumber Co. v. Jones,* 32 Kan. 195, 4 Pac. 74; *Struby-Estabrook Merc. Co. v. Davis,* 18 Colo. 93, 31 Pac. 495, 36 Am. St. Rep. 266.

Since statehood this court, in *Shelby v. Ziegler,* 22 Okla. 799, 98 Pac. 989, speaking through Chief Justice Williams, approves the holding in *Flanagan v. Forsythe, supra,* in the following language: ·

"In the case of *Flanagan v. Forsythe,* 6 Okla. 225, 50 Pac. 152, it is held that the exemption from liability for debts, as provided by section 2296, Rev. St. U. S., no longer applies to such homestead after final proof has been made and receiver's final certificate has been issued therefor. This rule appears to be supported, not only by reason, but by the weight of authority."

From a consideration of the foregoing cases decided by this court, it appears that no good result would be achieved by a further discussion of the question presented. The question is not open for further discussion. The judgment of the district court of Beckham county should therefore be affirmed.

By the Court: It is so ordered.·