ROBERT H. WATSON, et al., v. JACOB R. VOORHEES, et al.

1. HOMESTEAD; *Mortgage to Secure Prior Debt.* Notwithstanding the provisions of section 4 of the Homestead Act, (12 U. S. Stat. at Large, 393,) "that no lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor," if the owner of a tract acquired under that act execute a mortgage thereon to secure a debt existing prior to the issue of the patent, such mortgage is valid, and may be enforced by a foreclosure and sale of the land.

2. LACHES; *Omitting to Plead Defense Before Judgment.* If a party with a perfect legal defense to a cause of action, of which he has full knowledge, omits, when sued upon such cause of action in a court in which the defense can be pleaded, to set it up, and suffers judgment

thereon to be entered by default, he cannot thereafter, without showing some valid excuse for such omission, avail himself of said defense to vacate or modify the judgment, or restrain its collection.

### Error from Marshall District Court.

WATSON and wife brought injunction against *Voorhees*, as sheriff, and the *St. Louis & Peoria Plow Company*, to restrain the sale of certain real estate under an order of sale issued to *Voorhees* upon a foreclosure judgment rendered in favor of the *Plow Company* against the plaintiffs. The district judge, on the 18th of May 1874, refused to grant a temporary injunction, and from such order of refusal the plaintiffs appeal. The facts are stated in the opinion.

*J. D. Brumbaugh,* for plaintiffs in error.

*J. A. Broughton,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding to review an order of the Judge of the 12th District, refusing to grant a preliminary injunction. The facts as they appear in the petition are, that Robert H. Watson and wife, on the 22d of September 1872, executed a mortgage upon a certain tract of land to secure a certain note of even date given for the purchase of a wagon. The land mortgaged was acquired by Watson under the Homestead Act. The application therefor was made September 18th 1866, and the final receipt given September 19th 1872, three days before the execution of the note and mortgage. The patent however was not dated or issued until the 20th of March 1873, some months thereafter. The note was not paid at maturity. Suit was commenced, personal service had, default made, decree entered, and order of sale issued to the sheriff, who was proceeding to sell the land. Was there error in refusing to restrain the sale? Sec. 4 of the Homestead Act, (12 U. S. Stat. at Large, p. 393,) provides, "that no lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt or debts

22—14 KAS.

contracted prior to the issuing of the patent therefor." And it is argued that this debt was contracted before the issue of the patent, and that therefore the land could not be subjected to its payment. On the other hand, it is insisted that congress has not the power to attach any such condition to the title; that when the title passes from the general government it becomes wholly subjected to the laws of the state which control, not only the manner and conditions of voluntary transfer, and the casting of descent, but also the conditions of judicial sale and forced alienation. *Comm'rs of Miami Co. v. Brackenridge*, 12 Kas., 117; *Miller v. Litle*, 47 Cal. In this last case the power of congress was affirmed, though by a divided court. We deem it unnecessary to examine this question, for conceding the power, it does not seem to us that congress intended by this act to place any restriction on the owner's control of the land. The limitation was on the *creditor*, and not upon the *debtor*. While the land might not be taken from him against his will, for the satisfaction of past indebtedness, yet he was not prohibited from appropriating it, if he desired, therefor. He might convey it as freely as any other land, and for such consideration as satisfied him. His deed passed a good title, and he could not thereafter avoid that deed by showing that the only consideration therefor was past indebtedness. And if he could convey absolutely, so he could conditionally. He could use the land as security. He was in nowise limited or restricted in his power of disposing of the property. Now in this case the land is not taken in execution because of the debt simply, but because the owners voluntarily appropriated it to the payment of such debt. Having once appropriated it for that purpose, they may not thereafter deny such appropriation. The supreme court of Iowa has had this question before them, and reached the same result. *Nycum v. McAllister*, 33 Iowa, 374. The California case above cited was a case of simple debt, and without any mortgage or voluntary appropriation of the land.

Probably another and entirely sufficient reason might also

be given for affirming the ruling of the district judge. The plaintiffs have had their day in court. They knew then of this defense as fully as they do now, yet they failed to set it up. No excuse is given, no reason shown, why they did not make their defense in the foreclosure suit. They probably had no defense to the note, but if their present claim in reference to the land, and its freedom from liability for this debt, is a good one, they could have set it up in that suit, and thereby prevented a decree of foreclosure. There is no reason why they should have two opportunities of interposing the same defense, especially when it is one so utterly void of equity. *Elder v. Bank of Lawrence*, 12 Kas., 242.

The judgment will be affirmed.

All the Justices concurring.