IN THE

# SUPREME COURT OF NEBRASKA,

## JULY TERM, 1882.

---

PRESENT:

HON. GEORGE B. LAKE, CHIEF JUSTICE.
" AMASA COBB, } JUDGES.
" SAMUEL MAXWELL, }

---

SMITH & CRITTENDEN, PLAINTIFFS IN ERROR, V. GEORGE
W. STEELE AND OTHERS, DEFENDANTS IN ERROR.

Attachment of homestead for debt prior to issuance of
   patent. S. & C. caused an attachment to be issued and levied
   upon lands entered by S. as a homestead under the laws of the
   United States, the debt being contracted before the patent was
   issued. S. had conveyed before the attachment was levied.
   Judgment was recovered in the action and the land ordered
   sold. In a suit to subject the land to the payment of the
   plaintiffs' judgment, *Held*, That in no event was the land liable
   to be sold upon execution or attachment for a debt contracted
   before the patent was issued.

ERROR to the district court for Butler county. Tried
below before POST, J.

*F. B Hart*, for plaintiffs in error.

The sixth finding of facts by the referee is as follows :

*Sixth*—That in the summer or early fall of 1876, the defendant, George W. Steele, then the acting manager of the Alexis Mercantile Association, in a conversation at Council Bluffs, Iowa, with A. J. Crittenden, one of the plaintiffs, and others, stated and represented to the said plaintiffs, for the purpose of obtaining an extension of the time of payment of a portion of said indebtedness and obtaining further credit, "that he was a single man and the owner of two hundred and forty acres of land. in Butler county, which was liable for the said indebtedness, and was not exempt from an execution for such indebtedness." That the plaintiffs, relying upon such statements, did extend the time of payment upon the indebtedness then due, and did give other credits in the sale of other goods, relying upon such statements. That said defendant, Geo. W. Steele, did not have any real estate other than that mentioned in the pleadings. Said plaintiffs had no other knowledge or means of knowledge to them accessible at that time [the records of said Butler county being over one hundred miles distant] as to defendant George W. Steele's financial condition, than as to them stated above.

To the defense that the land in suit was a government homestead we plead an estoppel predicated upon the above finding. Under the doctrine of estoppel *in pais* this defense should have been sustained. Bigelow on Estoppel, chap. 18. The position, that inasmuch as the statute in express terms exempts homestead property from debts contracted prior to the issuance of the patent therefor, that to apply the doctrine of estoppel would be to abrogate the law above referred to, is untenable. *Nycum v. McAllister*, 33 Iowa, 375. *Cheney v. White*, 5 Neb., 264. *Jones v. Yoakam*, 5 Neb., 265. *Bellinger v. White*, 5 Neb., 399. *Long v. Culp*, 14 Kan., 412.

In connection with the foregoing authorities, we refer the court to the fifth finding of facts, wherein it appears that the defendant, Geo. W. Steele, entered into the occupancy of said tract in the year 1870, and was entitled to make final proof and receive his patent therefor in 1875, one year prior to the contracting of plaintiff's debt.

*E. R. Dean,* for defendants in error, cited *Derby v. Weyrich,* 8 Neb., 174. Bump on Fraudulent Conveyances, 242. Defendants are not estopped by conversations of Steele, the promise was not to pay his debt but the debt of the association, and was void under the statute of frauds. The property was not liable to attachment for that debt, under any circumstances, being a United States homestead, and the patent therefor not having at that time been issued.

MAXWELL, J.

This is an action in the nature of a creditor's bill to subject certain real estate formerly owned by Steele to the payment of the plaintiffs' judgment. The cause was referred to a referee, who found that on the third day of February, 1877, the plaintiffs caused an attachment to be levied upon the land in controversy in an action pending in the district court of Butler county; that a judgment was rendered thereon in favor of the plaintiffs in December, 1879, and said real estate ordered sold; that prior to the levy of said attachment, Steele had conveyed the land in controversy to his sister without consideration, and with intent to hinder and delay creditors, and that the grantee in the deed had full knowledge of this purpose; that the land in question was a homestead entered under the laws of the United States, the date of settlement being ———, 1870, and the patent being issued February 20, 1878, and after the debt on which judgment was recovered was contracted.. There are other findings in the case to which it is unnecessary to refer. The referee found that the land in question was not

liable for the plaintiffs' claim. The court below confirmed the report. The plaintiff brings the cause to this court on a petition in error.

The only question for determination is, is the land in dispute liable upon the plaintiffs' judgment? Section four of the act of Congress of May 20, 1862, granting homesteads on public lands (sec. 2296, Rev. Stat. U. S.), provides that: "No lands acquired under the provisions of this act shall, in any event, become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor."

The statute making the grant provides as one of the conditions thereof that in no event shall the land thus granted be liable for debts contracted before the patent was issued—that is, is not liable to be levied upon under an execution or attachment. This being so, the defendant Steele had a right to convey the land in question to whom he pleased, and for such consideration, or no consideration, if he saw fit to do so, and the plaintiffs have no cause of complaint on that ground, and cannot predicate a right of action thereon.

The case of *Bellinger v. White*, 5 Neb., 399, is cited by the plaintiffs to sustain the attachment, but it is not in point. In that case plaintiff made a settlement upon his homestead on the fourth day of November, 1864, and the patent was issued on the first day of October, 1871. In the spring of 1871 the land was assessed, and the land afterwards sold for the taxes levied thereon. The action was brought to enjoin the execution of the tax deed and to have the taxes declared null and void.

The plaintiff in that case sought the aid of a court of equity to be relieved from a cloud upon his title without an offer to do equity. The court held that he was the equitable owner of the land from the time that he was entitled to a patent therefor, and that he could not allege his own failure to obtain the same as a cause for equitable relief. But that

cause has no application to the one at bar. It is very clear that the land in dispute is not liable for the plaintiffs' claim. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.