GEORGE W. FORGY, APPELLANT, V. SAMUEL W. MERRYMAN ET AL., APPELLEES.

**Mortgage on U. S. Homestead.** One M., in 1871 entered a quarter section of land as a homestead under the laws of the United States. In 1875 he executed a mortgage upon the same. In 1877 he made final proof and received a patent. Afterwards he conveyed by quit claim deed to one R. *Held,* That R., being a stranger to the transaction, could not question the validity of the mortgage.

APPEAL from the district court of Fillmore county. Tried below before DAVIDSON, J.

*Burr & Kelly* for appellant, cited: *Cheney v. White,* 5 Neb., 261. *Bellinger v. White,* Id., 339. *Skinner v. Reynick,* 10 Neb., 323. *Knight v. Leary,* 54 Wis., 459. *Jones v. Yoakum,* 5 Neb., 265. *Smith v. Steele,* 13 Neb., 1. *Nycum v. McAllister,* 33 Iowa, 374. *Simmons v. Yurann,* 11 Neb., 516. *Bateman v. Robinson,* 12 Id., 508. *Blanchard v. Jamison, ante* p. 244. *Watson v. Voorhees,* 14 Kan., 328. *Robbins v. Burr,* 54 Ill., 48. *Miller v. Little,* 47 Cal., 174. *Seymour v. Saunders,* 3 Dill., 437.

*Lamb, Billingsley & Lambertson* for appellees, cited: U. S. Statutes, § 2,290 *et seq. Oaks v. Heaton,* 44 Iowa,

35

119. *Dawson v. Merrill,* 2 Neb., 119. *Id.,* 3 Neb., 458. *Brewster v. Madden,* 15 Kan., 249. *Warren v. Van Brunt,* 19 Wall., 654. *Evans v. Folsom,* 5 Minn., 422. *Platte v. U. P. R. R.,* 99 U. S., 38. *Penn v. Ott,* 12 La. Ann., 233.

MAXWELL, J.

On the 29th day of June, 1871, Samuel. W. Merryman entered as a homestead the north-west quarter of section 22, township 6, range 4 west, in Fillmore county. In December, 1875, he executed a promissory note as follows:

"$1,500.                    Peoria, Ill., Dec. 4th, 1875.

"Four years after date I promise to pay to Edward A. Casey or order, fifteen hundred dollars, at Peoria, value received, with interest at ten per cent per annum from date. Interest payable annually.

"S. W. MERRYMAN, SR."

At the same time, to secure the payment of said note he executed a deed of trust upon said land to Jacob Darst, as trustee for said Casey. Various sums, amounting in the aggregate to $400, were paid as interest on said note. In March, 1877, Merryman made his final proof, and received a patent for said land, August 10th, 1877. In August, 1879, Samuel W. Merryman, for the consideration of one dollar, executed a quit claim for said land to Leslie Robison. There is also a quit claim deed from Mrs. Hunt, a daughter of Merryman, and her husband, to Robison for the land in question. These deeds to Robison, although absolute on their face, are in the nature of mortgages, he at the time of the delivery of the same having executed to Samuel W. Merryman, Jr. a bond providing that upon "1st, the payment of six hundred dollars on or before the 22d day of September, 1880, with

interest from date at the rate of eight per cent; 2d, the payment of one thousand dollars on or before the 22d day of September, 1881, with interest at eight per cent from date, payable annually; 3d, the payment of eight hundred and sixty-one dollars on or before the 22d day of September, 1882, with interest from date, payable annually, at eight per cent;" time being made the essence of the contract, he would reconvey said land. The Casey note and mortgage were transferred to the plaintiff before they became due, and in February, 1882, he commenced an action in the district court of Fillmore county to foreclose the same. To the petition filed in that case an answer was filed purporting to be made jointly by Samuel W. Merryman, Mary D. Merryman, and Leslie Robison. The answer admits the execution of the note and mortgage, but states in substance that said mortgage was made upon premises the title of which was in the United States, and that the same "is a cloud upon the title of said Robison, and tends to depreciate the value thereof." On the trial of cause in the court below, the court found for the defendants, and dismissed the action. The plaintiff appeals to this court.

The uncontradicted testimony of Samuel W. Merryman, Sr., is, that he makes no defense to the action, nor has authorized any one to appear for him. The question for determination, therefore, is this: Can a subsequent purchaser or lien holder plead and prove as a defense in his own favor, that a prior mortgage, of which he had full notice at the time of his purchase, was invalid because the legal title to the mortgaged premises was in the United States at the time of the execution of the mortgage? Both derive their rights from the same person.

Suppose Merryman at the time the mortgage was made had executed a lease of the premises in controversy for ten or more years, could Robison raise the objection that Merryman did not possess the legal title and therefore could

not make a lease for that length of time? Such a defense, if available under any circumstances could only be taken advantage of by the lessor and not by a stranger. *Worcestor v. Eaton*, 13 Mass., 371. *Wheaton v. East*, 5 Yerg., 41.

A mortgage or deed of trust in this state is not, as at common law, a conveyance, but simply creates a lien. *Kyger v. Ryley*, 2 Neb., 28. *Webb v. Hoselton*, 4 Id., 308.

The lien in this case was evidently created to secure a *bona fide* debt, and it is very clear that a third party, a stranger to the transaction, cannot attack or defeat the same. He took his title or interest, as all the proof shows, with full notice of the existence of such lien, it being recognized by his grantors, who conveyed to him merely by quit claim deeds. Besides, for aught that appears in this record the property may be amply sufficient to satisfy both debts. It is the interest of Merryman that this property should be applied to the payment of the debt, as otherwise he would be liable on the note to be collected from any other property he may possess. The land, therefore, as against one who took it with knowledge of or subject to the mortgage, is the primary fund for the payment of the debt, and must be so applied. *Halsey v. Reed*, 9 Paige, 446. *Johnson v. Corbett*, 11 Id., 265.

We have no doubt of the validity of the mortgage, even as against Merryman, but it is unnecessary to discuss that branch of the case as Robison is not in a position to raise the question.

It follows that the judgment of the district court must be reversed, and a decree will be entered in this court in favor of the plaintiff.

DECREE FOR PLAINTIFF.