EDGAR A. BALDWIN, APPELLEE, V. SAMUEL M. BOYD AND MARY L. BOYD, APPELLANTS.

1.  **Public Lands of United States:** RECITALS IN PATENT. A patent from the United States, which contains a recital that the purchaser (naming him) "has deposited in the general land office of the United States a certificate of the register of the land office at Lincoln, Nebraska, whereby it appears that full payment has been made by the said (purchaser) according to the provisions of the act of congress of the 24th of April, 1820, entitled an act making further provisions for the sale of the public lands," merely shows that the purchaser has made the payments required by law to entitle him to enter the land, and is not a recital that the patent was issued under the act of 1820.

2.  ———: EXEMPTION FROM DEBTS PRIOR TO ISSUANCE OF PATENT. Where lands are entered under the homestead law of the United States, and afterwards, upon proper proof and payment of the price, the homestead commuted, such lands are not subject to sale on execution on a debt contracted before the patent was issued. And where such lands were exempt from debts when conveyed to a purchaser, the exemption continues in favor of the grantee and he may plead the same.

APPEAL from the district court of Lancaster county. Heard below before POUND, J.

*Sawyer & Snell, N. S. Scott,* and *M. L. Easterday,* for appellants.

Plaintiff claims under a patent issued under act of 1870, and he introduces a patent issued under act of 1820.

Then proceeds by extrinsic evidence to show that the land department erred in judgment. The decisions are uniform, that the records of the proceedings of the land office, to impeach the validity of a patent, are not admissible, unless the patent is absolutely void upon its face, or the issuance thereof was without authority, or was prohibited by statute, or the state had no title to the lands patented. *Ferry v. Street*, 7 Pac. Rep., 712. *Smelting Co. v. Kemp*, 104 U. S., 636. *Patterson v. Winn*, 11 Wheat., 380. *Clark v. Lancaster*, 36 Md., 196. *Mann v. Mann*, 14 Johns., 1. Wade on Notice, Div. IV., Chap. 2. A purchaser from one holding under a patent is not bound to look behind the patent to learn if it was properly issued to the one properly entitled to it. Warville on Abstracts, 132, § 5. *Schnee v. Schnee*, 23 Wis., 377. On second point, cited: *Forgy v. Merryman*, 14 Neb., 515. *Howland v. Fuller*, 8 Minn., 30. *Richards v. Haines*, 30 Iowa, 574.

*Mason & Whedon*, for appellee, cited: *Perry v. Ashby*, 5 Neb., 293. *Smelting Co. v. Kemp*, 104 U. S., 647.

MAXWELL, J.

This is an action to cancel a sheriff's deed to the defendants for "thirty-five acres off the west end of the north half of the north-west quarter of section 19 in township 10 north, of range 7 east of the 6th principal meridian," and to quiet the plaintiff's title. The court below found the issues in favor of the plaintiff, and rendered a decree in his favor.

It appears from the record that in May, 1871, one Charles E. Van Pelt entered as a homestead, under the laws of the United States, the N. ½ of the S. W. ¼ and the N. W. ¼ of the N. E. ¼ of section 19, T. 10 N., R. 7 E. of 6 P. M., containing $118\frac{72}{100}$ acres; that Van Pelt was the head of a family and over the age of twenty-one years, and had served as a soldier in the army of the United

States, during the rebellion, for ninety days and upwards, and had ever been loyal to the United States; that on the 15th of February, 1872, said Van Pelt having cultivated and improved said homestead, and resided thereon as required by law, in pursuance of the act of congress, paid to the receiver of the land office at Lincoln the sum of $2.50 per acre, with proper proof of settlement and cultivation, and obtained the receiver's receipt, etc., and a patent was duly issued to him on the 15th of June, 1874. On the 23d day of June, 1873, Van Pelt and wife conveyed said premises by warranty deed to the plaintiff, which deed was not filed for record until the 7th day of May, 1874. On the 16th of July, 1873, the defendant, Samuel M. Boyd, recovered two judgments in the probate court of Lancaster county against Charles E. Van Pelt, one of said judgments being for the sum of $148.75 and costs, and the other for the sum of $467.92 and costs. Transcripts of said judgments were duly filed in the office of the clerk of the district court on the 17th day of July, 1873, and executions issued thereon and the thirty-five acres of land in controversy sold to the defendants, and in January, 1874, the sale was confirmed and a deed ordered and made to the purchaser, and this is the cloud on the plaintiff's title complained of.

The first objection made by the appellant is, that it appears from the patent that "full payment has been made by Charles E. Van Pelt according to the provisions of the act of congress of April 24, 1820, entitled 'An act making further provisions for the sale of public land.'"

The following is a copy of the patent:

"THE UNITED STATES OF AMERICA.

"*To all to whom these presents shall come, greeting:*

"CERTIFICATE NO. 2525.

"Whereas, Charles E. Van Pelt, of Lancaster county, Nebraska, has deposited in the GENERAL LAND OFFICE of the United States a certificate of the register of the land

office at Lincoln, Nebraska, whereby it appears that FULL PAYMENT has been made by the said Charles E. Van Pelt according to the provisions of the act of congress of the 24th of April, 1820, entitled 'An act making further provision for the sale of the public lands,' for the north half of the north-west quarter and the north-west quarter of the north-east quarter of section nineteen in township ten north, of range seven east, in the district of lands subject to sale at Lincoln, Nebraska, containing one hundred and eighteen acres and seventy-eight-hundreths of an acre, according to the official plat of the survey of the public lands returned to the GENERAL LAND OFFICE by the SURVEYOR GENERAL, which said tract has been purchased by the said Charles E. Van Pelt.

"*Now know ye* that the UNITED STATES OF AMERICA, in consideration of the premises and in conformity with the several acts of congress in such case made and provided, HAVE GIVEN AND GRANTED, and by these presents DO GIVE AND GRANT, unto the said Charles E. Van Pelt and to his heirs, the tract above described, TO HAVE AND TO HOLD the same, together with all the rights, privileges, immunities, and appurtenances of whatsoever nature thereunto belonging, unto the said Charles E. Van Pelt.

" In testimony whereof, I, Ulysses S. Grant, PRESIDENT OF THE UNITED STATES OF AMERICA, have caused these letters to be made patent, and the seal of the GENERAL LAND OFFICE to be hereto affixed.

" Given under my hand at the city of Washington the fifteenth day of June in the year of our Lord one thousand eight hundred and seventy-four, and of the independence of the United States the ninety-eighth.

" By the President, U. S. GRANT.

. " By S. D. WILLIAMS, *Secretary*."

Section 2 of the act of congress of April 24, 1820, provides, " that credit shall not be allowed for the purchase money on the sale of any of the public lands which shall

be sold after the first day of July next, but every purchaser of land sold at public sale thereafter shall, on the day of purchase, make complete payment therefor; and the purchaser at private sale shall produce to the register of the land office a receipt from the treasurer of the United States, or from the receiver of public moneys of the district, for the amount of purchase money on any tract, before he shall enter the same at the land office," etc. Under the act of March 26, 1804, the public lands were sold upon credit.

The failure of the purchasers to pay the installments as they became due led to the passage of a number of acts extending the time for making payments. The credit system, however, does not appear to have been satisfactory, hence the act of April 24th, 1820, which requires the purchaser at private sale to produce from the proper authority a receipt for the purchase money on any tract before he shall enter the same at the land office. The recital in the patent simply shows that this provision has been complied with, and does not and was not intended to show that the patent was issued under the act of 1820. The evidence from the general land office introduced on the trial in this case clearly shows that the land was settled upon by Van Pelt as a homestead under the act of May 20, 1862, and that he afterwards commuted the same under the provisions of the various acts of congress on that subject by paying the double mininum price. Land thus obtained, however, is not liable to compulsory sale for debts contracted before the patent was issued.

This is conceded to be the law by the attorneys for the defendants, but they say that the right is a personal one to Van Pelt and can only be pleaded by him, citing *Forgy v. Merryman*, 14 Neb., 515. In the case cited one Merryman executed a mortgage upon his homestead before making final proof, to secure a *bona fide* debt. Afterwards he made final proof and received a patent for his land and thereafter executed a quit claim deed to one Robinson, who,

as a defense to an action of foreclosure, set up the invalidity of the mortgage. The court held that as the maker of the mortgage did not attack it, that the grantee in a quitclaim deed who had taken his deed subject to it could not. But this rule does not apply when one is claiming as a grantee of the debtor who had an absolute title unaffected by any liens of the creditor. Thus, although a third party cannot interpose the defense of the statute of limitations, yet a grantee may set up an exception that his grantor might have done. *Dawson v. Calloway*, 18 Ga., 573. *Grattan v. Wiggins*, 23 Cal., 16. *Skidmore v. Romaine*, 2 Bradf., 122. *Taylor v. Courtnay*, 15 Neb., 190. *Ford v. Langel*, 4 O. S., 465. Maxwell Pl. and Pr. (4th Ed.), 21. So the purchaser of a mortgagor has the same right to avail himself of the bar of the statute that the mortgagor would have had. *McCarthy v. White*, 21 Cal., 495. *Low v. Allen*, 26 Id., 144. *Coufman v. Sayre*, 2 B. Mon., 206. 2 Wash. R. P. (4 Ed.), 185. The same rule would seem to apply in favor of the grantee in a deed. That is, if the property at the time when the conveyance was excuted was not subject to a lien or the grantor's debts, in other words was exempt, that exemption will continue in favor of the grantee and may be pleaded by him. As the debt in this case was contracted before the patent was issued, the land in question is not subject to compulsory sale on execution on a judgment recovered on such debt. The judgment is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.