WILLIAM S. FARISS *et al.* v. THE DEEMING INVESTMENT CO.

1. HOMESTEAD—*Mortgage Subsequent to Final Receipt and Prior to Patent Valid.* Notwithstanding the provisions of § 4 of the Homestead act, (12 Statutes-at-Large, 393), a mortgage executed upon land after the homestead

entryman has made final proof and received final certificate therefor is valid and such mortgage may be enforced by foreclosure and sale of the land.

2. MORTGAGE—*May be Foreclosed, When.* Where a party has made final proof for a homestead under the laws of the United States, and received from the government a final certificate therefor, and thereafter executes a mortgage, the party in whose favor the mortgage runs may, upon default, foreclose the same, notwithstanding a contest may have been instituted in the land department to cancel the certificate issued to the entryman.

*Error from the District Court of Oklahoma County.*

*Allen & Allen*, for plaintiff in error.

*Reddick, Lewis & Snyder*, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.:   The Deming Investment company, defendant in error, on the twentieth day of June, 1896, commenced a foreclosure proceedings in the district court of Oklahoma county, against William S. Fariss and others, to foreclose a real estate mortgage, given by defendants below, upon a fractional quarter section of land, situated in Oklahoma county. A defense was interposed to the action upon the ground that, prior to the execution of the mortgage, a patent had not issued from the government to the entryman, and second, that since the government had issued its final receipt for the land, a contest proceeding was instituted by another party to cancel the certificate so issued. A demurrer was interposed to the answer, and by the lower court sustained and judgement of foreclosure entered.

Upon the first questioned raised, it is sufficient to state that under the act of congress providing for homesteads upon the public domain, it is provided that a settler upon such lands may, after he has resided upon and cultivated the same for a period of five years, enter a tract of land

32—v.

not exceeding one hundred and sixty acres, and upon proof of settlement and cultivation, shall be entitled to a patent for the land. It has been held by numerous courts that after a settler has resided upon the land and cultivated the same in accordance with the law for a period of five years, and made proof of such fact and received his final certificate, he at once becomes entitled to a patent therefor, and the owner of the land, and that his right to convey and pass title thereto is absolute. This question was before the supreme court of Kansas in *Watson et al. v. Woorhees et al.*, 14 Kan. 328, and the court therein held such to be the law. And in *Newkirk v. Marshall*, 35 Kan. 78, in speaking to this question, the court, by Valentine, J., uses the following language:

"Under the United States homestead laws, and by a compliance with them, a person entering a homestead, or in case of his death, his widow or in case of .death of both, his heirs or devisees, obtain a vested right in the homestead at the expiration of five years from the entry thereof, and upon making proper proof is entitled to a patent to the land from the United States. And as soon as a person is entitled to a patent, although it may not yet have issued or may not issue for years, he or she may contract or be contracted with concerning the land, or sell it and convey the same precisely as though the patent had been already issued. Equity, in order to do justice, and protect the rights of the parties, and to prevent fraud, will generally consider that as having been done which ought to be done, and in order to protect the rights of all parties, where a patent is due, but has not yet been issued, equity will consider such rights precisely the same as though patent had in fact been issued on the very first day on which it ought to have been issued."

To the same effect is *Orr v. Stewart*, 67 Cal. 275, and *Nycum v. McAllister*, 33 Ia. 74, *Kirkaldie et al. v. Larrabee et al.* 31 Cal. 455. In reason and under the

authority of the decisions above cited we do not deem the question an open one.

As to the second contention: In the mortgage deed executed by Fletcher M. Fariss, one of the plaintiffs in error, to the defendant in error, there was contained a covenant that Farris was seized of a good and indefeasable estate of inheritance in and to the mortgaged premises, and that he was the lawful owner of the premises granted. Fletcher M. Fariss was the entryman, and a widower at the time of the entry, and at the time of the execution of the mortgage was the only person who had any interest in the property so mortgaged. He afterwards conveyed to one of his co-defendants, but of course his co-defendants stand in no better attitude to defend than he himself would, had he made no such conveyance. In view of the recitals in the mortgage, the party mortgaging, and those to whom he afterwards conveyed, are stopped from denying that the estate mortgaged was other than an estate in fee simple. (*Vallejo Land Association v. Viera*, 48 Cal. 572; *Kirkaldie v. Darrabee, supra*; Pingree on Mtgs. vol. 1, §§ 701, 702, 703; *Tefft v. Munson et al.* 57 N. Y. 97).

Neither does the fact that the government is permitting a contest for the cancellation of the certificate issued to Fletcher M. Fariss change this rule. Whatever of interest Fariss did obtain from the government, is, and may be, subjected to the mortgage.

The decision of the court below upon the demurrer is sustained.

Keaton, J., having presided at the trial below not sitting; all the other Justices concurring.