STARK BROTHERS v. FRANK S. GLASER AND A. PFIFER.

(Filed September 20, 1907.)

(91 Pac. 1040.)

1.  **JUDGMENT—Motion to Vacate—Time of Decision.** Under the statutes of this territory, the district court has power to vacate or modify its own judgments or orders at or after the term at which said judgment or order was made. Where the allegations to vacate a judgment are based upon division 3 of section 562 of chapter 66 of Wilson's Statutes of Oklahoma 1903, for irregularity in obtaining a judgment or order, and where the motion to vacate the judgment is made at the same term at which the judgment was rendered, a reasonable notice being given to the adverse party or his attorney, the court has jurisdiction to hear the matter, although the motion is not decided until a subsequent term.

2.  **PUBLIC LANDS—Homestead Entries—Exemptions.** Lands acquired under the provisions of the United States statute for the homesteading of public lands are not liable for the satisfaction of any debt contracted prior to the issuing of the patent therefor. The terms of this section exempt all lands obtained under the homestead law from liability for any of the debts of the entryman prior to the issuing of the patent, whether the lands are still held by him, or by a **bona fide** purchaser deriving title through him.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

Affirmed.

*Cline & Duval,* for plaintiffs in error.

*A. H. Meyer* and *Doyle & Cress,* for defendants in error.

STATEMENT OF THE CASE.

This is an action commenced in the district court of Kay county, Oklahoma, in February, 1904, against the defendant Stark Brothers, plaintiffs in error here, to quiet title to the north half of the northwest quarter of section fifteen, township twenty-six north, of range two east of the Indian Meridian, in Kay county,

Oklahoma Territory. Plaintiffs in their petition state that they are the owners, and in actual possession of said land; that the defendants claim an estate in said lands adverse to these plaintiffs, the nature of said adverse claim being that defendants claim a lien contract made with one Fred Bower, who was the original entryman of said land, and that said lien contract is of record, and is a cloud upon plaintiff's title. Plaintiffs ask that said cloud be removed. The defendants filed an answer and cross-petition, alleging that on the 21st day of August, 1894, Fred Bower was the owner of and in possession of the said land; that on said date the defendants sold to said Bower a bill of fruit trees for the sum of $450; that said Bower entered into a written contract with defendants, whereby said Bower gave to these defendants a lien on said land for the performance of said contract, and pleaded a copy of said contract, asking affirmative relief, that the said contract be declared a first lien. The contract is as follows:

"Form 9-y.

"THIS INDENTURE made and entered into on this 21 day of Aug. A. D. 1894, by and between Fred Bower, of K. County, (residence one mile N.) county of K and of Oklahoma Ter. party of the first part, and Stark Bros. of Louisiana, county of Pike and state of Missouri, parties of the second part:

"WITNESSETH: That the said party of the first part in consideration of said parties of the second part selling and shipping to him in the fall of 1894 to Cross, railroad freight charges prepaid, (——) fruit trees, binds himself, his heirs, and assigns to carefully plant and care for said trees on his farm containing eighty acres, situated in K county, Oklahoma, and more particularly described as follows, to-wit: N. ½ N. W. section 15, township 26, range 2 E., boundaries [here give name of adjoining owners] D. Mooney to the west and Thomas Goozdanover on the east and —— and to pay to the order of said second parties, their heirs, or assigns, as evidence by first party's nine (9) promissory notes to be executed by said first party to second parties when the aforesaid trees are shipped, four hundred & fifty dollars ($450.00) due and payable as follows—all deferred payments and interest hereafter particularly specified to date from the first day of——

189—: one-tenth when trees are shipped, one-tenth in one (1) year, one-tenth in two (2) years, one-tenth in three (3) years, one-tenth in four (4) years, one-tenth in five (5) years, one-tenth in. six (6) years, and one-tenth in seven (7) years, one-tenth in eight (8) years and one-tenth in nine (9) years, with interest at the rate of six (6) per cent. per annum, and if the interest be not paid annually the same is to become as principal and bear the same rate of interest; to the payment of which sums as the same· shall become due the party of the first part binds himself, his heirs, assigns and grantees of and to the aforesaid described lands; the right being reserved to the said party of the first part to pay the full amount remaining unpaid and not yet due, together with accrued interest, at any time he may elect within the period of nine years next after date last above written.

"And the said first party for the purpose of obtaining the aforesaid trees states that the above described real estate is free and clear of encumbrances, and that he claims the same with a perfect homestead.

"In witness whereof, we have hereunto set our hands and seals this the day and year first above written.

"FRED BOWER,     (Seal.)
"STARK BROS.     (Seal.)

"Witnessed by W. E. Morlan.

"Oklahoma Territory, County of K. ss.

"Be it remembered that on the 22nd day of Aug. 1894, personally appeared before me, Fred Bower, and acknowledged the execution of the above contract.

"In testimony whereof I have hereunto set my hand and affixed my official seal at my office in Cross, O. T., the day and year first above written.

"G. Q. BRANINE, *Notary Public.*

"[Seal] My term expires Dec. 8, 1897."

Endorsed on back: "Fred Bower, to Stark Bros. Fruit tree contract. Territory of Oklahoma, K County, ss. Filed for record this 21 day of Sept. A. D. 1894 at 12 o'clock M., recorded in Mis. Book 1, page 105. J. C. JAMISON, Register of Deeds. [Seal.]"

To this answer and cross-petition plaintiffs filed a reply. In said reply plaintiffs allege as a defense to said cross-petition that at the time of the execution of said contract Fred Bower, the

maker thereof, was and now is a married man and the head of a family, and at the time he was living with his family on said land as a homestead, and at no time did the wife of said Bower sign said contract, or contract for said fruit trees in writing, or otherwise, or consent to the same, and for this reason the said contract created no lien against said homestead.  For a further defense, plaintiffs allege that at the time of making said contract the title to said land was in the United States government; that the said Fred Bower, who was the maker of said contract, was a homestead entryman on said tract of land, and that no final proof had been made, and no patent issued, and for this reason the said land was not liable for the debt created by the purchase of said fruit trees as evidenced by said contract, and for a further reply and defense, plaintiffs allege a failure on the part of the defendant Stark Brothers to perform their part of the contract, and in said reply plaintiffs ask that said contract be declared by the court not to be a lien on said real estate.   On September 7, 1904, plaintiffs filed a motion for judgment on the pleadings.   On the 16th of February, 1905, said motion for judgment on the pleadings was overruled. On the 15th of April, 1905, defendants demurred to plaintiffs' reply. On the same day the court sustained the demurrer to said reply.   On the 17th day of April, 1905, defendants filed a motion for judgment on the pleadings.   On the 10th of July, 1905, the court sustains the motion of defendants for judgment on the pleadings, and renders judgment in favor of the defendants and declared the contract to be a first lien, and directs the issuing of an order of sale.   On the 17th of July, 1905, the clerk of the district court of Kay county issued an order of sale.   On the 14th of July, 1905, the plaintiffs filed a motion in the district court to set aside the judgment on pleadings, in favor of defendants, rendered on July 10, 1905, and on August 31, 1905, the court issued an order staying proceedings upon the judgment of July 10, 1905, and order of sale, upon the plaintiffs filing bond in the sum of $200.   On August 31, 1905, plaintiffs filed bond.   On the 12th

of September, 1905, the court rendered judgment sustaining the motion to set aside the said judgment in favor of the defendants rendered on July 10, 1905, and re-instated the cause upon the docket of the court for trial, and to which ruling the defendants excepted, and asked for time to prepare and serve a case-made on appeal to the supreme court, and are granted 30 days in which to make and serve a case-made, ten days to suggest amendments, to be signed and settled on three days' notice in writing by either party.    After which the plaintiffs made application for leave to file an amended reply, which leave was granted, to which the defendants excepted.    The cause was then docketed for trial at the next regular term of this court.    On the 12th of September, 1905, defendants in error here, plaintiffs below, filed their amended reply and answer to the cross-petition.    On the 19th of September, 1905, defendants filed a motion to require the plaintiffs to separately state and number their defenses.    On the 20th of March, 1906, this motion is by the court overruled.    On the 21st of March, 1906, said cause comes on for hearing on the motion of plaintiffs for judgment on the pleadings, and the motion of defendants for judgment on the pleadings, at which time the following admission was made by the defendants, and the following judgment was rendered by the court:

"It is admitted by the defendants, for the purpose of the court passing on the motion of the plaintiffs for judgment on the pleadings, that at the time that Fred Bower, mentioned in defendants' cross-petition, executed the contract attached to said cross-petition, he was the homestead entryman of the land described in said cross-petition, and was a married man and the head of a family, and that he and his family were residing on said land, and that the final proof for said land had not been made, and that the patent from the United States for said land was not issued until about the year 1898, or 1899, about which time patent was issued to said Fred Bower."

Thereupon the court ordered that the motion of the defendants for judgment on the pleadings be overruled, and the mo-

tion of plaintiffs for judgment on the pleadings should be sustained. Thereupon the court rendered judgment in favor of the plaintiffs, declaring the contract in evidence to be no lien upon the land, and taxed the costs to the defendants, to which the defendants excepted, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: Three grounds of error are assigned by plaintiffs in error for a reversal of this case, but we think it will only be necessary to discuss two of them.

The first one is it is insisted that "the court has no power to set aside a judgment rendered during another term of court, except it be set aside for the reasons and in the manner provided by law. The proceedings in this case, if there were any grounds to set aside said judgment, should have been by petition verified by affidavit, on which summons should have issued and been served the same as in the commencement of an action, neither of which was done in this case; and the court was, therefore, without jurisdiction." In support of this contention, plaintiff in error purports to quote from the record. He says the "record in this case shows that on a day set by the supreme court of the territory of Oklahoma as a day for the district court of Kay county, Oklahoma Territory, to-wit, July 10, A. D. 1905, judgment was rendered by the trial court in this cause in favor of the plaintiffs in error, for the sum of $834.32, which said amount was decreed a first and prior lien on said land; and said land was ordered sold as provided by law to satisfy the same. [See pages 21 and 22 case-made.] And that thereafter, to-wit, July 17, 1905, the clerk of the district court of Kay county, Oklahoma Territory, issued an order of sale as provided in said decree; which order of sale was later recalled by the judge of the district court. And that long after the adjournment of said court, and on the first day of the succeeding term of said court, to-wit, September 11, 1905, the defendants in error filed their motion to vacate said judgment [See page 27

case-made], which said motion was sustained on September 12, A. D. 1905, and the aforesaid judgment thertofore rendered on July 10, 1905, was vacated and set aside."

While it is true the case-made at page 27 does show that a motion to vacate this judgment was on that day filed by the plaintiffs, the case-made also shows on page 23 a motion to vacate the judgment of the court rendered on July 10, 1905, in favor of the defendants on the pleadings was filed on July 14, 1905. The only way we can account for this apparent discrepancy in the record is that the motion to vacate the judgment was filed on July 14, 1905, as set forth in the record, and by inadvertence of the clerk the same motion was refiled on September 11, as shown by the case-made at page 27. If this case-made is correct, and speaks the truth, this can be the only theory upon which this apparent conflict can be reconciled, because the record clearly states that this motion was filed on July 14, 1905, and the record gives the motion together with the signature of the attorneys. This motion must have been filed, or its record would not appear in the case-made, and it might be, and probably was, the fact that this filing was overlooked bp the clerk, and it was refiled, as shown on page 27, on September 11th. This being true, that the motion to vacate the judgment was filed during the same term at which the judgment was rendered, and within four days from the time the same was rendered, we think confers jurisdiction upon the court, providing notice was given to the opposite party or his attorney, and the fact that the court may have continued the hearing on the motion until a subsequent term would not deprive the court of jurisdiction. It is apparent from the record that the attorneys for the defendants did have notice of the filing of the motion to vacate the judgment, as it is found by the court in the order staying the proceedings on the judgment and order of sale as contained in the case-made at page 24 this language is used: "Now, on this 30th day of August, 1905, come the plaintiffs above named by Thomas H. Doyle, one of their attorneys, and the defendants

appearing by W. S. Cline & Duval, and this cause coming on to be heard before the undersigned judge of the 4th judicial district at chambers in the city of Perry, at the hour named in the notice given by plaintiffs to defendants upon judgment rendered in the above-entitled cause on the 10th day of July, 1905, and it appearing that defendants have had reasonable notice of this application, and it further appearing that said plaintiffs have filed a motion duly verified to set aside the judgment so rendered and order of sale decreed in the above-entitled cause by reason of irregularities in obtaining said judgment and order of sale and by reasons alleged that said judgment was rendered and said order of sale was made before said action regularly stood for trial."

This language of the court in his journal entry staying the judgment and order of sale is material for two purposes in this case, as it shows that the adverse party or his attorney has had notice of the filing of the application to set aside the judgment, and it shows the further fact that said motion to vacate and set aside the judgment must have been filed at an earlier date than the date mentioned in the case-made at page 27, to-wit, September 11, 1905, because this order staying the judgment was made on the 30th day of August, and it recites the application is on file, and tends to corroborate the position of defendants in error that their motion to vacate the judgment was filed July 14, 1905, as shown by the case-made, page 23. Running section 4760 (section 562, chapter 66, Wilson's Rev. and Ann. Statutes of Oklahoma, 1903) provides: "That the district court shall have power to vacate or modify its own judgments or orders at or after the term at which said judgment was made. * * * Third, for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order * * * *." Running section 4761 (section 563, chapter 66) provides: "The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order shall be by motion, upon reasonable notice to the

adverse party or his attorney in the action * * * ." Running sec-
tion 4762 (section 564 of the same chapter) provides the proceed-
ings to vacate or modify the judgment or order on the grounds
mentioned in subdivisions 4, 5, 6, 7, 8, and 9, section 562 shall
be by petition, "verified by affidavit, * * * and also providing for
a summons." But we think a reading of the motion in this
case and the journal entry of the court sustaining said motion
will show that this motion was based on the third subdivision
of section 562, to-wit, irregularities in obtaining the judgment
or order, and being such, and the motion being filed four days
after the rendering of the judgment, to-wit, July 14, 1905, and
being at the same term at which the judgment was rendered, and
the court having found by his journal entry that the opposite
party or his counsel had due notice of the filing, we think it
brings it clearly within the provisions of section 563, and was
sufficient to give the court jurisdiction of the same. Now, we
think the mere fact that the court from pressure of business, or
from any other reason, allowed the matter to go over until the
next term, would not deprive the party of his rights to be heard.
He had filed his motion in apt time, had given the legal notice
required by the statute, and had placed his motion on the docket
of the court, and done all he could do, and all he was required to
do to bring the case within the jurisdiction of the court, and we
think the fact that the motion itself was not heard until a sub-
sequent term would not deprive the court of jurisdiction. Hence
we think on this point the entire argument of counsel for plaintiffs
in error is based on an erroneous interpretation of the record.

Another reason why we think the court had full and complete
jurisdiction to vacate the judgment rendered in favor of the plaint-
iff in error on July 10, 1905, is that the statutes of this territory
(Wilson's Stat. action 563, chapter 66) provide:      " * * A
motion to vacate a judgment because of its rendition before the
cause regularly stood for trial can be made only in the first
three days of the next succeeding term." The record in this case,

page 51, shows that this hearing and decision of the court to vacate the judgment was had on September 12, which was the second day of the succeeding term of the court after the rendition of the judgment sought to be vacated, and was clearly within the time prescribed by statute. The same section, fixing the time as the first three days of the next succeeding term, provides it shall be by motion.

There remains but one other assignment of error unanswered to be considered. In the second assignment of error counsel for plaintiff in error say:

"The defendants in error purchased the land involved with full knowledge of the existence of the lien of the plaintiffs in error, and are estopped from denying the validity of the said lien, or the power and authority to make and execute the same. If the contract in question is defective for the reason that the same was not executed by the wife of Fred Bower, the same could only be avoided by her. The fact that at the time of the execution of said contract the land was government land, the title to which was in the United States, made it unnecessary for the wife to join in any conveyance relating thereto, as the laws of Oklahoma relating to the conveyance of the homestead do not apply."

In this statement of his assignment of error counsel for plaintiffs in error overlooked one very material legal proposition, and that is that land acquired under the homestead laws of the United States is not liable for any debts contracted by the entryman prior to the issuing of his patent. Now, it is conceded in this case (record, page 60), by the admission of the parties, that at the time of the contracting of the debt evidenced by this contract, Bower was a homestead entryman; that he was living upon the government land with his family as a homesteader; that final proof had not been made; and that the patent was not issued, and did not issue for at least four years after this instrument was made. This admission brings it clearly, in our judgment, within the provisions of the United States homestead law, and exempts it from any debt or liability created prior to the issuing of the patent. But it is contended that, as the plaintiffs in this

case were the grantees of Bower, who was the homestead entry-man, the right of Bower of having this land held to be free from the lien of any debt created prior to the issuing of the patent would not extend to them, but would be personal to Bower. But various courts who have had this question before them for adjudication have held to a contrary doctrine, and have laid down the rule to be that: "The terms of this section [referring to the homestead law] clearly exempt all lands obtained under the acts of which it is a part from liability for any of the debts of the entry-man incurred prior to the issuance of the patent, whether the lands are still held by him or by a *bona fide* purchaser deriving title from him." *Russell v. Lowth*, 21 Minn. 167; *Dickerson v. Cuthburth*, 56 Mo. App. 647; *Smith v. Steele*, 13 Neb. 1; *Baldwin v. Boyd*, 18 Neb. 444; *Clark v. Bayley*, 5 Oregon, 342. These authorities, in our judgment, settle this contention in favor of the defendants in error.

The assignments of error alleged by counsel for plaintiffs in error for a reversal of this case should not be considered by this court, for the reason that nowhere in the record does it appear that any motion for a new trial was presented to the court, or the attention of the court called, by motion for a new trial, to the errors complained of, and no motion for new trial was made and ruled upon by the court and excepted to and assigned as error. This court, in the case of *Boyd et al. v. Bryan*, 11 Okla. 56, 65 Pac. 940, says: "Error of law occurring at the trial and excepted to by the party making the application will, when embraced in the motion for new trial, present to trial court any objection or exception properly made and saved during the progress of the trial." In the case of *Osborne & Co. v. Case et al.*, 11 Okla. 479, 69 Pac. 263, this court says: "This court has repeatedly held, in fact it is the settled rule of this court, that alleged errors occurring during the trial not raised in the trial court or set forth in a motion for a new trial will not be considered for the first time on appeal." In *Hardwick et al. v. Atkinson*, 8 Okla. 609, 58 Pac. 748, this

court says: "Alleged errors occurring in the trial not raised in the trial court or set forth in the motion for a new trial will not be considered for the first time in this court." In *Glaser v. Glaser*, 13 Okla. 389. 74 Pac. 944, it is said: "All matters occurring on the trial which are proper causes for a motion for new trial will be deemed to be waived unless presented by motion for new trial, and this court will not consider them after having been once waived." In *High v. United States et al.*, 14 Okla. 399, 78 Pac. 100, it is said: "A case-made which does not contain a copy or statement of * * * any motion for a new trial * * * presents no question to this court for review." In the case of *Martin v. Gassert*, the Oklahoma supreme court, reported in 17 Okla. 177, 87 Pac. 586, says: "Where the palintiff fails to assign as error the overruling of the motion for new trial in the petition in error, no question is properly presented to this court to review error alleged to have occurred during the progress of the trial in the court below."

A reading of the contract relied on by plaintiffs in error for a lien against the land in question will show, we think, that it is very doubtful whether the language employed in that contract would be sufficient to create a lien in any event. It certainly would not be held sufficient in a mortgage, and this contract would be somewhat in the nature of a mortgage. Nowhere in the contract is it made expressly a lien upon the land. The most liberal construction for the plaintiffs in error that could be made of the contract would be that the party making the contract bound himself and attempted to bind whoever might be the grantee of the land, but he did not, in express terms, make the contract a lien upon the land, and we are inclined to the opinion that the language used is too vague and uncertain to be considered by this court as a lien against and running with the land. But, however that may be, for the reasons herein expressed, we are of the opinion that the decision of the district court in rendering judgment in favor

of the plaintiffs on the pleadings was correct and is sustained by the authorities.

The decision of the district court is affirmed, at the costs of the plaintiffs in error.

Hainer, J., who presided in the court below, not sitting; Burford, C. J., dissenting; all the other Justices concurring.

BURFORD, C. J. (dissenting): The law as stated in this opinion is in direct conflict with the well-considered opinion in *Stork et al. v. Duval et al.,* decided by this court in 1898, and reported in 7 Okla. 213, 54 Pac. 453, and no reference is made to said cause. See, also, *Farriss et al. v. Deming Investment Co.,* 5 Okla. 496, 49 Pac. 926, and *Flanagan v. Forsythe,* 6 Okla. 225, 50 Pac. 152. In my opinion the contract in question constitutes a lien created by contract of the owner, and comes within rule stated in *Meinhold v. Walters,* 102 Wis. 393; *Fuller v. Hunt,* 48 Iowa, 163; *Dickerson v. Bridges,* 147 Mo. 235; *Orr v. H. Ulyatt,* 23 Nev. 134, 43 Pac. 916; *Lang v. Morey,* 40 Minn. 396; *Forgy v. Merryman et al.,* 14 Neb. 513; *Weber v. Laidler,* 26 Wash. 144, 66 Pac. 400; *Newkirk v. Marshall et al.,* 35 Kan. 77; *St. Louis Mining & Milling Co. v. Montana Co.,* 171 U. S. 656.