STARK *et al.* v. FALLIS *et al.*

No. 494. Opinion Filed May 10, 1910.

(109 Pac. 66.)

**PUBLIC LANDS— Mortgage — Land Entered Under Homestead Act.**
A mortgage executed on land entered under the homestead act of Congress before the expiration of the five years' residence required by the statute is void.

(Syllabus by the Court.)

*Error from District Court, Lincoln County; W. N. Maben, Judge.*

Action by C. M. Stark and others against W. H. Fallis and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Malcolm D. Owen, George A. Neeley, and Margaret McVean,* for plaintiffs in error.

*Hoffman, Robertson & Cordell and W. T. Willis,* for defendants in error.

WILLIAMS, J. This was an action brought by the plaintiffs in error to foreclose a lien upon 160 acres of land located and situated in section 19, township 15 N., range 2 E., of the Indian meridian, and to recover a judgment in the sum of $1,802.95, alleged to be due to the plaintiffs under said contract. Said contract was made on January 19, 1892, by the terms of which the defendants in error W. H. Fallis and Jennie Fallis bound themselves and their heirs to pay the plaintiffs in error the sum of

$747 in the following manner: One-half the gross amount of the sales from the crop each year said party agrees to remit to the plaintiffs, which sum to be credited on the principal debt from year to year until the full amount, together with 6 per cent. compound interest, be paid, and the final payment shall be made within 10 years from date, regardless of the amount paid from year to year, if the amount be not paid prior thereto. Said W. H. Fallis and wife, Jennie Fallis, reserved the right to pay in cash the full amount at any time prior to the expiration of the 10 years, which he might elect. It was further alleged that said W. H. Fallis and wife, Jennie Fallis, in said contract provided for a lien on said land until the full amount, together with interest thereon, was paid; that the conditions of said indenture had been broken; that said instrument had been duly recorded in Book No. 1, page 25, Miscellaneous Records, in A county (now Lincoln); that the defendant Roy Hoffman, of Chandler, Okla., claims an interest in said premises, but the same, if any is inferior and junior to the interest or lien of plaintiffs; that by reason of the premises and default of the defendants in making said payments, etc., as same matured, etc., there is now due $747 principal and $1,055.95 interest. Then follows a prayer for foreclosure of said lien and judgment for said amount, etc.

The land covered by this instrument was opened for settlement by proclamation issued by the President of the United States on September 18, 1891 (27 Stat. 989, 993, No. 7), and within five months thereafter, to wit, on the 18th day of January, A. D. 1892, this contract by which the lien is claimed was entered into. The case of *Stark Bros. v. Glaser et al.*, 19 Okla. 502, 91 Pac. 1040, seems to be in point. At the time of the contracting of the debt evidenced by the lien contract in that case the party making same was a homestead entryman, and he was living upon such land with his family as a homesteader; neither the final proof having been made, the entry having been made about a year prior to the lien agreement, nor the patent issued for at least four years thereafter. The contract, except as to dates, amount, and parties,

being the same as in the case at bar, the court held that such a state of facts brought such contract within the provisions of sections 2291 and 2295 of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 1390, 1398). Whilst the case of *Stark Bros. v. Glaser, supra,* in part at least, is contrary to the holding in the cases of *Stark et al. v. Duvall et al.,* 7 Okla. 213, 54 Pac. 453; *Flanagan v. Forsythe,* 6 Okla. 225, 50 Pac. 152, and *Farriss v. Deming Inv. Co.,* 5 Okla. 496, 49 Pac. 926, yet we feel that up to the time the final proof is made by a homestead entryman we should adhere to the rule in *Stark Bros. v. Glaser,* that contracts made to fasten liens upon such homesteads prior to the expiration of the five years' residence required by the homestead statute will not be enforced. See, also, *Van Doren v. Miller,* 14 S. D. 264, 85 N. W. 187; *Webster v. Bowman* (C. C.) 25 Fed. 889.

The judgment of the lower court is affirmed.

All the Justices concur.